T.C. Memo. 2003-7


UNITED STATES TAX COURT


JOHN J. GREEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13977-01L.                 Filed January 8, 2003.


        P filed a timely petition for judicial review
pursuant to sec. 6330(d)(1)(A), I.R.C., in response to
a notice of determination by R to proceed with
collection of assessed tax liabilities for 1996.  P
filed a motion to dismiss for lack of jurisdiction.

        <u>Held</u>:  We do not look behind a notice of
determination to decide whether the determination is
valid for jurisdictional purposes.  The notice of
determination is valid on its face, and we have
jurisdiction pursuant to sec. 6330(d)(1)(A), I.R.C.


John J. Green, pro se.

<u>Robert T. Little</u>, for respondent.

MEMORANDUM OPINION

NIMS, <u>Judge</u>:  This case is before us on petitioner's motion to dismiss for lack of jurisdiction.  Unless otherwise indicated, all section references are to the Internal Revenue Code as amended.

The issue for decision is whether this Court has jurisdiction to review respondent's determination to proceed with collection of assessed Federal income tax liabilities for petitioner's taxable year 1996.

<u>Background</u>

Respondent issued a "NOTICE OF DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330" to petitioner on November 1, 2001.  The notice states:

> Mr. Green was mailed a Statutory Notice of Deficiency on 9/7/99.  * * *
>
>     *      *      *      *      *      *      *
>
> The tax assessment was made on 4/10/2000.  An initial balance due notice was sent to the taxpayer at the same address of record on 4/10/2000.  * * * the taxpayer did not pay the subject assessment within 10 days.  The three aspects of IRC 6321 were met, thus the statutory lien arose.
>
>     *      *      *      *      *      *      *
>
> On 6/19/2001 a conference was held with Mr. Green at the Olympia Fields, Illinois field office.  * * * He did not propose an alternative to the filed lien.  He questioned the under-lying assessment and whether or not the Service had followed proper procedures in making the subject assessment.  The Settlement Officer explained the Statutory Notice of Deficiency had been

issued to his address of record and he had not
petitioned the tax court as directed.  The taxpayer had
previously requested a transcript of account and was
promised one at the conference.  A transcript of
account was provided to the taxpayer on 10/5/2001.

*   *   *   *   *   *   *

A review of the case history indicates a valid
assessment was made, notice and demand was provided and
a neglect or refusal to pay occurred.  * * *

*   *   *   *   *   *   *

The Federal Tax Lien is sustained.  Proper
administrative procedures were followed by Service
personnel.  This recommendation balances the need for
efficient tax administration.

In response to this notice, petitioner timely filed a
petition with the Tax Court for judicial review pursuant to
section 6330(d)(1)(A).  At the time the petition was filed in
this case, petitioner resided in Steger, Illinois.

On the same day petitioner filed the petition, he submitted
a "MOTION THAT THE TAX COURT DECLARE INVALID THE IRS
'DETERMINATION' AT ISSUE".  As grounds for this motion,
petitioner asserted that "the appeals officer issued the
'Determination' without conducting the CDP [collection due
process] hearing in accordance with the law."  This motion was
filed by the Court as a motion to dismiss for lack of
jurisdiction.

## Discussion

At the hearing on petitioner's motion, petitioner claimed that he did not intend to challenge the Court's jurisdiction in this case and never requested that the Court dismiss the case for lack of jurisdiction. Petitioner's motion to declare the determination invalid was filed by the Court as a motion to dismiss for lack of jurisdiction because a valid determination is a jurisdictional prerequisite for judicial review pursuant to section 6330(d)(1)(A). See Lunsford v. Commissioner, 117 T.C. 159, 161 (2001). Consequently, if the Court granted petitioner's motion to declare the determination invalid, the Court would be forced to dismiss the case for lack of jurisdiction. Therefore, petitioner's motion was properly filed as a motion to dismiss for lack of jurisdiction.

Where the Appeals Office issues a notice of determination to the taxpayer following an administrative hearing regarding a lien action, sections 6320(c) (by way of cross-reference) and 6330(d)(1) provide that the taxpayer will have 30 days following the issuance of the determination to file a petition for review with the Tax Court or a Federal District Court, as appropriate. The taxpayer may appeal the determination to the Tax Court, rather than a Federal District Court, if the Tax Court generally has jurisdiction over the type of tax involved in the case. Sec. 6330(d)(1)(A); Downing v. Commissioner, 118 T.C. 22, 26 (2002);

Landry v. Commissioner, 116 T.C. 60, 62 (2001). The type of tax involved in this case is Federal income tax. The Tax Court has jurisdiction over Federal income tax. Downing v. Commissioner, supra at 28; Landry v. Commissioner, supra at 62.

Since we have jurisdiction over the type of tax involved, the only remaining requirements for jurisdiction pursuant to section 6330(d)(1)(A) are a valid notice that embodies a determination to proceed with collection and a timely filed petition for review. Lunsford v. Commissioner, supra at 164. Both parties agree that the petition in this case was timely filed. The only remaining issue is whether a valid notice of determination was issued.

Petitioner argues that the determination is invalid because the Appeals officer issued the determination without conducting a hearing in accordance with the law. However, our jurisdiction under section 6330(d)(1)(A) is established when there is a written notice that embodies a determination to proceed with the collection of the taxes in issue, and a timely filed petition. Lunsford v. Commissioner, supra at 164. Both of these preconditions have been met in this case. In determining the validity of a determination for jurisdictional purposes, the Court will not look behind the notice of determination in order to ascertain whether the taxpayer was afforded an appropriate hearing with the Commissioner's Appeals Office. Id.

Accordingly, we hold that this Court has jurisdiction in this case and deny petitioner's motion to dismiss for lack of jurisdiction.

Because our denial of petitioner's motion to dismiss will serve to allow petitioner to proceed in this case, we take this opportunity to advise petitioner of the provisions of section 6673(a)(1). As relevant herein, that section authorizes the Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. The Court has repeatedly indicated its willingness to impose such penalties in lien and levy review cases. See, e.g., Roberts v. Commissioner, 118 T.C. 365, 372-373 (2002); Pierson v. Commissioner, 115 T.C. 576, 580-581 (2000). The Tax Court has in fact imposed a penalty in a number of such cases. See, e.g., Roberts v. Commissioner, supra at 373 (imposing a penalty pursuant to section 6673 of $10,000); Crow v. Commissioner, T.C. Memo. 2002-149 (imposing a penalty pursuant to section 6673 of $1,500); Newman v. Commissioner, T.C. Memo. 2002-135 (imposing a penalty pursuant to section 6673 of $1,000).

Petitioner advances some of the same arguments that led to the imposition of a penalty in Roberts v. Commissioner, supra (the taxpayer argued that since IRS used a computer-generated

form to make an assessment, it did not constitute a signed summary record of assessment); Crow v. Commissioner, supra (the taxpayer argued that: (1) The Appeals officer failed to obtain verification from the Secretary that the requirements of any applicable law or administrative procedure were met; (2) the Appeals officer failed to identify the statutes making the taxpayer liable for Federal income tax; (3) the taxpayer was denied the opportunity to challenge (a) the appropriateness of the collection action, and (b) the existence or amount of his underlying tax liability; and (4) the determination at issue was invalid because the Appeals officer failed to establish due process); and Newman v. Commissioner, supra (the taxpayers argued that: (1) The Appeals officer failed to obtain verification from the Secretary that the requirements of any applicable law or administrative procedure were met; (2) the Appeals officer failed to identify the statutes making the taxpayers liable for Federal income taxes; (3) the taxpayers were denied the opportunity to challenge (a) the appropriateness of the collection action, and (b) the existence or amount of their underlying tax liabilities; and (4) the determination at issue was invalid because the Appeals officer issued the determination without conducting a

hearing in accordance with the law).  Petitioner might therefore care to review those cases and consider whether it is in his best interest to persist in advancing such arguments.

To reflect the foregoing,

An appropriate order denying petitioner's motion to dismiss for lack of jurisdiction will be issued.