T.C. Memo. 2003-77


UNITED STATES TAX COURT


GEORGE A. ROBINSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5355-01L.                    Filed March 17, 2003.


George A. Robinson, pro se.

<u>Robert T. Little</u>, for respondent.


MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respon-
dent's motion for partial summary judgment (respondent's motion).
We shall grant respondent's motion.

## Background

The record establishes and/or the parties do not dispute the
following.

Petitioner resided in Chicago, Illinois, at the time he filed the petition in this case.

On July 14, 1993, respondent issued to petitioner a notice of deficiency (July 14, 1993 notice) with respect to his taxable years 1987, 1988, and 1989, which he received. In that notice, respondent determined a deficiency in, and additions under sections 6651(a)(1) and 6654[1] to, petitioner's Federal income tax (tax) for each of his taxable years 1987, 1988, and 1989.

Petitioner did not file a petition in the Court with respect to the July 14, 1993 notice relating to his taxable years 1987, 1988, and 1989.

On February 7, 1994, respondent assessed petitioner's tax, as well as additions to tax and interest as provided by law, for his taxable year 1987. (We shall refer to those assessed amounts, as well as interest as provided by law accrued after February 7, 1994, as petitioner's unpaid liability for 1987.)

On February 7, 1994, respondent issued to petitioner a notice of balance due with respect to petitioner's unpaid liability for 1987. On March 14, 1994, respondent issued a second notice of balance due with respect to such unpaid liability.

On February 21, 1994, respondent assessed petitioner's tax, as well as any penalties and interest as provided by law, for

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.

each of his taxable years 1988 and 1989. (We shall refer to those assessed amounts, as well as interest as provided by law accrued after February 21, 1994, as petitioner's unpaid liability for each of his taxable years 1988 and 1989.)

On February 21, 1994, respondent issued to petitioner a notice of balance due with respect to petitioner's unpaid liability for each of his taxable years 1988 and 1989. On March 28, 1994, respondent issued a second notice of balance due with respect to each such unpaid liability.

On July 31, 1997, respondent issued to petitioner a notice of deficiency (July 31, 1997 notice) with respect to his taxable years 1993, 1994, and 1995, which he received. In that notice, respondent determined a deficiency in, and additions to tax under sections 6651(a)(1) and 6654 on, petitioner's tax for each of his taxable years 1993, 1994, and 1995.

Petitioner did not file a petition in the Court with respect to the July 31, 1997 notice relating to his taxable years 1993, 1994, and 1995. Instead, on September 9, 1997, in response to the July 31, 1997 notice, petitioner sent a letter (petitioner's September 9, 1997 letter) to the Internal Revenue Service that contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[2]

---

[2]Petitioner's September 9, 1997 letter is the type of letter that is similar to the types of letters that certain other
(continued...)

- 4 -

On March 27, 1998, respondent assessed petitioner's tax, as well as additions to tax and interest as provided by law, for each of his taxable years 1993, 1994, and 1995. (We shall refer to those assessed amounts, as well as interest as provided by law accrued after March 27, 1998, as petitioner's unpaid liability for each of his taxable years 1993, 1994, and 1995.)

On March 27, 1998, respondent issued to petitioner a notice of balance due with respect to petitioner's unpaid liability for each of his taxable years 1993, 1994, and 1995.

On December 16, 1999, respondent issued to petitioner a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to (1) petitioner's unpaid liability for each of his taxable years 1987, 1988, 1989, 1993, 1994, and 1995 and (2) a frivolous return penalty under section 6702 with respect to each of his taxable years 1995 and 1996. That notice showed in pertinent part:

[2](...continued)
taxpayers with cases in the Court sent to the Internal Revenue Service in response to the notices issued to them. See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

| Type of Tax | Period Ending | Assessed Balance | Statutory Additions | Total |
|---|---|---|---|---|
| 1040A | 12-31-1987 | $7,777.54 | $5,939.64 | $13,717.18 |
| 1040A | 12-31-1988 | 7,200.48 | 5,518.33 | 12,718.81 |
| 1040A | 12-31-1989 | 6,324.24 | 4,924.69 | 11,248.93 |
| 1040A | 12-31-1993 | 3,239.00 | 846.03 | 4,085.03 |
| 1040A | 12-31-1994 | 7,790.00 | 2,079.30 | 9,869.30 |
| 1040A | 12-31-1995 | 2,374.00 | 659.66 | 3,033.66 |
| Civ. pen. | 12-31-1995 | 500.00 | 30.92 | 530.92 |
| Civ. pen. | 12-31-1996 | 500.00 | 30.92 | 530.92 |

In response to the notice of intent to levy, petitioner submitted more than one Form 12153, Request for a Collection Due Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office).[3] Petitioner attached a document to each of his Forms 12153 (collectively, petitioner's attachments to Forms 12153) that contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[4]

---

[3]Petitioner submitted three Forms 12153. On Dec. 29, 1999, petitioner submitted Form 12153 with respect to his taxable years 1987, 1988, 1989, 1993, 1994, 1995, and 1996. On Mar. 2, 2000, the Appeals Office returned that form because it lacked an original signature. On Mar. 21, 2000, respondent received a second Form 12153, with petitioner's original signature, with respect to his taxable years 1987, 1988, 1989, 1993, 1994, 1995, and 1996. On June 12, 2000, petitioner sent a letter to the Internal Revenue Service and attached to that letter, inter alia, a third Form 12153 with respect to his taxable years 1994 and 1996.

[4]Petitioner's attachments to Forms 12153 contained statements, contentions, arguments, and requests that are similar to the statements, contentions, arguments, and requests contained in the attachment to Forms 12153 filed with the Internal Revenue Service by certain other taxpayers with cases in the Court. See,

(continued...)

Respondent did not hold an Appeals Office hearing with petitioner. That is because the Appeals officer determined that the matters advanced in petitioner's attachments to Forms 12153 did not require respondent to hold a hearing to discuss those matters. The Appeals officer did advise petitioner in a letter (Appeals officer's September 5, 2000 letter) that she was willing to examine any information that petitioner wished to submit showing that petitioner is not liable for the unpaid liabilities at issue, requesting an installment agreement, or requesting an offer in compromise. Petitioner did not provide any information in response to the Appeals officer's September 5, 2000 letter.

On March 22, 2001, the Appeals Office issued to petitioner a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination). The notice of determination pertains to petitioner's taxable years 1987, 1988, 1989, 1993, 1994, 1995, and 1996. An attachment to the notice of determination stated in pertinent part:

**MATTERS CONSIDERED AT THE APPEALS HEARING**

**Applicable Law and Administrative Procedures**

- With the best information available, the requirements of various applicable law and administrative procedures have been met.

- Internal Revenue Code Section 6331(d) requires that

---

[4](...continued)
e.g., Copeland v. Commissioner, supra; Smith v. Commissioner, supra.

the IRS notify a taxpayer at least 30 days before a Notice of Levy can be issued. A transcript of your account verifies that this notice was issued.

- Internal Revenue Code Section 6330(a) states that no levy may be made unless the IRS notifies a taxpayer of the opportunity for a hearing with the IRS Office of Appeals. This notice was sent to you via certified mail.

- You were given the opportunity to raise any relevant issue relating to the unpaid tax or the Notice of Intention to Levy in accordance with Internal Revenue Code Section 6330(c).

- This Appeals Officer has had no prior involvement with respect to these liabilities.

**Relevant Issues Presented by the Taxpayer**

- You contend that you are not liable for tax and you don't owe anything because you are not a taxpayer and therefore, not required to file.

- You also stated that you never received the statutory notice and demand for payment nor did you receive a (valid) notice of deficiency.

- You failed to raise any issues that could be considered in a due process hearing pursuant to Internal Revenue Code Section 6330. Our review of your file indicates a hearing is not available for constitutional issues such as those referenced in your reply to the final notice.

- You can not challenge the tax liabilities for 1987, 1988, 1989, 1993, 1995 [sic] and 1995 because you did received [sic] a deficiency notice. You did not avail yourself of the opportunity to file a petition for redetermination with the court.

- Appeals believes that you are liable for the income tax liabilities for tax years 1987, 1988, 1989, 1993, 1994 and 1995 in accordance with the law.

**Balancing Efficient Collection and Intrusiveness**

- It is Appeal's determination that the proposed

collection action is proper and should be pursued
as was recommended by Collection for the income tax
liability.

- It is Appeals determination that normal collection
activity balances efficient collection with any
concerns you may have regarding the intrusiveness
of the action.

On April 23, 2001, the date on which petitioner filed the
petition in this case, petitioner filed a motion to dismiss for
lack of jurisdiction (petitioner's motion to dismiss for lack of
jurisdiction) on the ground that the Appeals Office did not hold
a hearing with him.

On December 18, 2001, the Court issued an Order denying
petitioner's motion to dismiss for lack of jurisdiction.  That
was because, after petitioner filed petitioner's motion to
dismiss for lack of jurisdiction, the Court overruled Meyer v.
Commissioner, 115 T.C. 417 (2000), and held that the Court will
not look behind a notice of determination to determine whether
the Appeals Office conducted a hearing.  Lunsford v. Commis-
sioner, 117 T.C. 159, 164 (2001).

On December 2, 2002, respondent's counsel provided petitioner
with Form 4340, Certificate of Assessments, Payments, and Other
Specified Matters (Form 4340), with respect to each of his
taxable years 1987, 1988, 1989, 1993, 1994, 1995, and 1996.

## Discussion

### Jurisdictional Matter

Respondent submitted to the Court a document entitled "MOTION

FOR SUMMARY JUDGMENT", which the Court had filed as respondent's motion for partial summary judgment. The Court had that document filed as a motion for partial summary judgment because it asked the Court for a summary adjudication in respondent's favor only as to petitioner's taxable years 1987, 1988, 1989, 1993, 1994, and 1995. However, the notice of determination pertains to petitioner's taxable year 1996 as well as his taxable years 1987, 1988, 1989, 1993, 1994, and 1995.

In a supplement to respondent's motion (respondent's supplement) that the Court ordered respondent to file, respondent explained that the notice of determination insofar as it pertains to petitioner's taxable year 1996 relates only to a frivolous return penalty under section 6702. Respondent further explained in respondent's supplement that, in addition to pertaining to petitioner's unpaid liability for 1995, the notice of determination also pertains to a frivolous return penalty under section 6702 for that year.

The Court does not have jurisdiction over a frivolous return penalty under section 6702. Van Es v. Commissioner, 115 T.C. 324, 328-329 (2000). The Court will sua sponte dismiss this case for lack of jurisdiction insofar as the petition seeks review of the notice of determination relating to a frivolous return penalty under section 6702 with respect to each of petitioner's

taxable years 1995 and 1996.[5]

Respondent's Motion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of Internal Revenue for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

As was true of petitioner's September 9, 1997 letter and petitioner's attachments to Forms 12153, petitioner's response to respondent's motion (petitioner's response) contains contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[6]

---

[5]The Court will recharacterize respondent's motion for partial summary judgment as a motion for summary judgment.

[6]The contentions, arguments, and requests set forth in petitioner's response are similar to the contentions, arguments, and requests set forth in responses by certain other taxpayers with cases in the Court to motions for summary judgment and to impose a penalty under sec. 6673 filed by the Commissioner of Internal Revenue in such other cases. See, e.g., Smith v. Commissioner, T.C. Memo. 2003-45.

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with the collection action as determined in the notice of determination with respect to petitioner's unpaid liability for each of his taxable years 1987, 1988, 1989, 1993, 1994, and 1995.

Although respondent does not ask the Court to impose a penalty on petitioner under section 6673(a)(1), the Court will sua sponte determine whether to impose such a penalty. Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court, inter alia, that a proceeding before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in such a proceeding is frivolous or groundless, sec. 6673(a)(1)(B).

In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we issued an unequivocal warning to taxpayers concerning the imposition of a penalty under section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions.[7]

---

[7]In an Order dated Jan. 10, 2003, in response to respondent's motion for protective order, the Court reminded petitioner

(continued...)

In the instant case, petitioner advances, we believe primarily for delay, frivolous and/or groundless contentions, arguments, and requests, thereby causing the Court to waste its limited resources. We shall impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $11,000.

We have considered all of petitioner's contentions, arguments, and requests that are not discussed herein, and we find them to be without merit and/or irrelevant.[8]

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.

---

[7](...continued) about sec. 6673(a)(1) and indicated that, in the event that petitioner continued to make statements, advance arguments and contentions, or raise questions that the Court finds to be frivolous and/or groundless, the Court would be inclined to impose a penalty under that section.

[8]We shall, however, address one of petitioner's allegations in the petition. Petitioner alleges in the petition that the Court should order respondent to hold an Appeals Office hearing with him. Respondent acknowledges that, pursuant to Internal Revenue Manual 8.7.2.3.3(5)d, respondent's Appeals Office should have held a hearing with petitioner. However, relying on <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 189 (2001), respondent contends that an Appeals Office hearing is not necessary or productive in the instant case. We agree with respondent. We have found petitioner's statements, contentions, arguments, and requests to be frivolous and/or groundless. We conclude that it is not necessary or productive for respondent to hold an Appeals Office hearing with petitioner. <u>Id.</u>