T.C. Memo. 2003-260

UNITED STATES TAX COURT

JAMES BENSON DUNHAM AND MELANIE A. DUNHAM, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7029-02L.                    Filed September 8, 2003.

<u>Jerry Arthur Jewett</u>, for petitioners.

<u>Michelle M. Lippert</u>, for respondent.

MEMORANDUM OPINION

HAINES, <u>Judge</u>:  The petition in this case was filed in
response to the Notice of Determination Concerning Collection
Action(s) Under Section 6320 and/or 6330.  After concessions,[1]

---

[1]  The notice of determination was issued for, and this
petition was filed for, 1997 and 1999.  The parties subsequently
(continued...)

the issues for decision are whether respondent abused his discretion in determining that collection action could proceed for 1997 and whether the Court should impose a penalty under section 6673.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue. Amounts are rounded to the nearest dollar.

## Background

All of the facts have been stipulated. The stipulated facts and the attached exhibits are incorporated herein by this reference.

Petitioners resided in Havelock, North Carolina, at the time they filed their petition.

Petitioners untimely filed a Form 1040, U.S. Individual Income Tax Return, for 1997, reporting a tax liability of $8,826 and income tax withheld of $1,462. No payment accompanied the return.

Respondent assessed petitioners' 1997 income tax, together with statutory penalties and interest, on the basis of information contained in the filed return. Although petitioners

[1](...continued)
stipulated that respondent incorrectly assessed petitioners' income tax liability for 1999, and respondent has abated the assessment for that year.

entered into an installment agreement with respondent to pay the tax liabilities, no payments were made.

On April 16, 2000, petitioners filed a claim for refund for 1997 based on zero entries for all categories of income. Respondent denied the claim by letter dated June 21, 2000, stating: "The amounts you received are gross income, as defined by the Internal Revenue Code". On July 15, 2000, petitioners sent respondent a letter requesting information and demanding proof of respondent's authority. Petitioners also requested that a meeting be scheduled.

On December 13, 2000, Jerry Arthur Jewett (Mr. Jewett) executed a Form 2848, Power of Attorney and Declaration of Representative, on behalf of petitioners.

A Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing was sent to petitioners on March 13, 2001. The tax owed for 1997 with penalties and interest, as set forth in the final notice, was $13,378. On April 7, 2001, petitioners filed a Form 12153, Request for a Collection Due Process Hearing, that included a 19-page letter signed by Mr. Jewett. The letter asserted tax-protester boilerplate, including:

> 1. The individual or individuals named above are not "persons or a person" liable for the income tax or required to file a Form 1040, by virtue of non-residence in, or lack of income earned within, or effectively connected to, any U.S. Territory, Possession and/or enclave deriving authority from Article I, Sec. 2 Cl. 17 or Article 4, Sec. 3, Cl.2 of the Constitution of the United States. The individual

or individuals named herein are natural born Citizens of one of the 50 Republic states, under the Constitution and Law.

A hearing pursuant to petitioners' request was conducted on February 12, 2002, with a court reporter present. A transcript of the proceedings was made. A Certificate of Assessments and Payments for 1997 had been mailed to petitioners before the hearing. At the hearing attended by petitioner James Benson Dunham (Mr. Dunham), Mr. Jewett repeated his frivolous arguments. Among other things, Mr. Jewett argued:

> MR. JEWETT: * * * Most importantly, and of course, we'll get around to this, but I think that it's important to make sure that it's clear from the beginning that one of the arguments that my clients are making is that they're not liable for the so-called income tax. And I would point out that if one opens the index to the code, a copy of which I have in front of me, one will find a listing of many different types of taxes for which there is liability in the Internal Revenue Code. Nowhere, therein, is there a liability listed for an income tax.
>
> HEARING OFFICER GEORGE: Those arguments that your clients raise in their appeal request and on their form 1040s have been refuted by the judicial authorities and have been called frivolous. And I'm going to hand to you and your client News Release Number IR-2001-59. That gives you an idea and lists the cases that have made similar arguments such as those that you're making today and those that you have made. The Tax Court has determined that those types of arguments are frivolous and it could cost your client more money if you advocate in court the same arguments that you're advocating today because the taxpayers and their representatives who make those kinds of arguments are being sanctioned.
>
> MR. JEWETT: Well, let me just say this, in response to that, Ms. George. I think you'll agree with me that James and Melanie Dunham's name is not

anywhere on this, that there have been no determinations made with regard to James and Melanie Dunham. I don't know what the facts are in the cases and I'm not going to address each of these arguments in any great exhausting detail, but there's a reason why horse races are held, because you never know who's going to win that race until the race is over.

On February 27, 2002, a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 was sent to petitioners. The notice indicated the frivolous nature of petitioners' arguments and stated:

> All statutory, administrative and procedural requirements have been met by the Internal Revenue Service prior to proposing the Notice of Levy.
>
> No _viable_ alternatives to such action were established during Appeals consideration; accordingly, such action is not considered to be overly intrusive at this time.

In the petition in this case, petitioners asserted: (1) No provision of the Internal Revenue Code makes them liable for the income tax and penalties determined in the statutory notice; (2) there was "no valid assessment" of taxes; (3) they did not receive a "notice and demand for payment" of the taxes at issue; (4) they did not receive a valid notice of deficiency; and (5) at the hearing they did not receive "verification from the Secretary that the requirements of any applicable law or administrative procedure have been met". The same arguments were repeated in petitioners' trial memorandum signed by Mr. Jewett and filed with the Court.

Before the calendar call, Mr. Jewett had been advised by the Court in a conference call with respondent's counsel, in an essentially identical case, that the arguments presented were frivolous and that petitioners could have penalties imposed against them under section 6673.

At the call of the calendar, Mr. Jewett acknowledged the Court's warning to him. Mr. Jewett also confirmed that he had informed petitioners of the possibility that penalties could be imposed against them. Petitioners authorized Mr. Jewett to proceed with the same arguments in spite of the warning.

## Discussion

During the trial session held in Cleveland, Ohio, beginning June 2, 2003, four cases, including the instant case, were submitted on the basis of fully stipulated facts.[2] Mr. Jewett represented the taxpayers in each of the four cases.

Brodman v. Commissioner, T.C. Memo. 2003-230, was the first of the four cases to be decided. We held in Brodman that no bona fide issues were raised, no alternatives to collection were proposed, and the arguments presented were frivolous. No abuse of discretion was found, collection was allowed to proceed, and a

---

[2] James Benson and Melanie A. Dunham, docket No. 7029-02L; Gregory R. Brown, docket No. 8368-02L; Harold V. and Imogene N. Pahl, docket No. 11572-02L; Charles and Teresa Brodman, docket No. 16598-02L.

penalty of $5,000 under section 6673 was imposed upon the taxpayers.

Similarly, petitioners did not raise any bona fide issues or collection alternatives. Rather, petitioners presented a "hodgepodge of unsupported assertions, irrelevant platitudes and legalistic gibberish" similar to those previously rejected by this Court. Crain v. Commissioner, 737 F.2d 1417, 1418 (5th Cir. 1984); see Brodman v. Commissioner, supra; Kish v. Commissioner, T.C. Memo. 1998-16; Fisher v. Commissioner, T.C. Memo. 1996-277. "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit". Crain v. Commissioner, supra at 1417. The Court rejects these boilerplate tax-protester types of arguments as frivolous and without merit. As a result, we hold that respondent did not abuse his discretion in determining that collection should proceed.

In the instant case, petitioners were specifically warned on two occasions of the likelihood of a penalty under section 6673(a)(1) if they continued with these arguments.[3] Despite the

---

[3] Sec. 6673(a)(1) provides:

> (1) Procedures instituted primarily for delay, etc.--
> Whenever it appears to the Tax Court that--

>> (A) proceedings before it have been instituted or
>> (continued...)

warning given at the section 6330 hearing and the warning given by the Court, petitioners did not abandon their frivolous arguments but authorized Mr. Jewett to continue to assert them.

Petitioners should be treated the same as other taxpayers similarly situated.  As we stated in Brodman v. Commissioner, supra:  "The taxpayers who continue to pursue those claims are not entitled to a free ride."  As a result, we hold that a penalty of $5,000 against petitioners should be awarded to the United States pursuant to section 6673(a)(1).

Moreover, we are concerned by the representation of Mr. Jewett, an experienced attorney, in petitioners' pursuit of these frivolous claims.  All of Mr. Jewett's arguments on behalf of petitioners had been rejected by the Court in numerous cases.

Although, as in Brodman, we have decided not to impose a penalty against Mr. Jewett under section 6673(a)(2),[4] he is

---

[3](...continued)
maintained by the taxpayer primarily for delay,

(B) the taxpayer's position in such proceeding is frivolous or groundless, or

(C) the taxpayer unreasonably failed to pursue available administrative remedies,

the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

[4]  Sec. 6673(a)(2) provides, in part:

(2) Counsel's liability for excessive costs.--Whenever it appears to
(continued...)

reminded of the consequences if he repeats or persists in similar claims in the future. See sec. 6673(a)(2); <u>Takaba v. Commissioner</u>, 119 T.C. 285, 296-305 (2002); <u>Edwards v. Commissioner</u>, T.C. Memo. 2003-149.

In reaching our holdings herein, we have considered all arguments made, and to the extent not mentioned above, we conclude them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate decision will be entered</u>.

---

[4](...continued)
the Tax Court that any attorney or other person admitted to practice before the Tax Court has multiplied the proceedings in any case unreasonably and vexatiously, the Tax Court may require--

(A) that such attorney or other person pay personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct * * *