T.C. Memo. 2003-261

UNITED STATES TAX COURT

GREGORY R. BROWN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8368-02L.                    Filed September 9, 2003.

<u>Jerry Arthur Jewett</u>, for petitioner.

<u>Michelle M. Lippert</u>, for respondent.


MEMORANDUM OPINION

HAINES, <u>Judge</u>:  The petition in this case was filed in
response to a Notice of Determination Concerning Collection
Action(s) Under Section 6320 and/or 6330.  The issues for
decision are whether respondent abused his discretion in
determining that collection action could proceed for 1998 and

whether the Court should impose a penalty under section 6673. Unless otherwise indicated, all section references are to the Internal Revenue Code for the relevant year. Amounts are rounded to the nearest dollar.

## Background

All of the facts have been stipulated. The stipulated facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Coraopolis, Pennsylvania, at the time he filed the petition.

During 1998, petitioner was paid $49,859 as an employee of U.S. Airways. Additionally, in 1998, petitioner received $29,091 as a distribution from a qualified retirement plan with Capital Guardian Trust Co., and $39 in interest from the U.S. Airways Federal Credit Union.

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 1998, reporting a tax liability of zero and income taxes withheld of $9,804. As a result, petitioner requested a refund of $9,804. On October 11, 2000, respondent sent petitioner a notice of deficiency, determining a deficiency of $20,099 and a penalty under section 6662(a)(1) and (d)(1). After petitioner failed to file a petition with the Court in response to the notice of deficiency, respondent assessed the tax and penalty.

On March 2, 2001, respondent received from petitioner a claim for refund of the 1998 tax. On March 29, 2001, respondent advised petitioner that the claim for refund was disallowed.

Respondent sent a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing to petitioner on June 2, 2001. The tax owed with penalties and interest for 1998, as set forth in the final notice, was $29,145. On July 6, 2001, petitioner filed a Form 12153, Request for a Collection Due Process Hearing (hearing request). The hearing request included typical tax-protester arguments, including:

> Also, since Section 6330(c)(1) requires that "The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met," I am requesting that the Appeals Officer have such verification with him at the Appeals Conference. However, if the verification called for by 6330(c)(1) is signed by someone other then [sic] the Secretary himself, than [sic]- in line with the Supreme Court's holding in *Federal Crop Ins. Corp. v. Merril*, 92 L.Ed. 11 - I am requesting that the Appeals officer also have a Delegation Order from the Secretary delegating to that person the authority to prepare such a "verification."

On January 29, 2002, Jerry Jewett (Mr. Jewett) executed a Form 2848, Power of Attorney and Declaration of Representative, with respondent, on behalf of petitioner.

On February 7, 2002, respondent sent petitioner a letter scheduling the hearing. Further, respondent advised petitioner: "Taxpayers who institute or maintain a lien or levy action primarily for delay or advance frivolous and groundless arguments

can have penalties imposed per IRC § 6673(a)(1)."  Respondent
included a Form 4340, Certificate of Assessments, Payments, and
Other Specified Matters, for 1998 with this letter.

On March 8, 2002, Mr. Jewett sent to the Internal Revenue
Service Appeals Office a letter incorporating and adding to
petitioner's frivolous arguments contained in the hearing
request.  Mr. Jewett's letter consisted of 37 pages of tax-
protester boilerplate, including:

> 1.  The individual or individuals named above are not
> "persons or a person liable for the income tax or required
> to file a Form 1040, by virtue of non-residence in, or lack
> of income earned within, or effectively connected to, any
> U.S. territory, Possession and/or enclave deriving authority
> from Article I, Sec. 2 C1.17 or Article 4, Sec., 3, C1.2 of
> the Constitution of the United States.  The individuals
> named herein are natural born Citizens of one of the 50
> Republic states, under the Constitution and Law.

A hearing pursuant to petitioner's hearing request was
conducted on March 28, 2002, with a court reporter, petitioner,
Mr. Jewett, and Settlement Officer Mark Kennedy and Appeals
Office Team Manager Ronald Albert for the Internal Revenue
Service, present.  A transcript of the proceedings was made.  Mr.
Jewett repeated his frivolous arguments.  For example, Mr. Jewett
argued:

> MR. JEWETT: Now, one of the items that I mentioned in
> my letter to you was that the - - this document, which the
> I.R.S. says is a notice of deficiency, was not signed by the
> Secretary.  * * *  So, therefore, unless the Internal
> Revenue Service can produce to you a delegation order
> indicating that this individual had authority to sign this
> notice of deficiency on behalf of the Secretary, for that
> reason alone, sir, you must make a determination that the

enforced collection action against my client can't lawfully proceed.   Okay.

At the hearing, Mr. Jewett presented the Appeals Office with various exhibits filled with basic tax-protester arguments.

On April 10, 2002, a Notice of Determination Concerning Collection Action(s) Under Section 6320/6330 was sent to petitioner.   The notice stated:

> During the March 28, 2002 office hearing, Mr. Jewett and yourself were advised of the above limitations on issues that could be raised or would be considered at the hearing. You were advised of possible sanctions under IRC §6673 for maintaining frivolous arguments.   You were advised Appeals is relying on Form 4340 to verify that a valid assessment was made, IRC §6303(a), Notice and Demand, and IRC §6331, Notice of Intent to Levy were issued, and your own acknowledgment of receipt of the notice of deficiency to limit challenges to the underlying liability.

> Additional correspondence was received from Mr. Jewett and yourself, which have been considered in the determination.   No other non-frivolous issues were raised.

As a result, respondent sustained the proposed levy with regard to the 1998 tax liability.

In the petition in this case, signed by Mr. Jewett, petitioner asserted:

> The decision of the hearing officer is incorrect for the reasons set forth in the attached supplement to this Petition, in addition to the fact that the IRS has not complied with the applicable laws and administrative procedures, the collection procedures are inappropriate and illegal, and Gregory R. Brown has no liability for the taxes and penalties at issue.

Mr. Jewett attached to the petition a six-page supplement filled with similar tax-protester arguments.   The same arguments were

repeated in petitioner's trial memorandum signed by Mr. Jewett and filed with the Court.

Before the calendar call for the instant case, Mr. Jewett had been advised by the Court in a conference call with respondent's counsel in a substantially identical case that the arguments presented were frivolous and that the taxpayers could have penalties imposed against them under section 6673.

At the call of the calendar, Mr. Jewett acknowledged the Court's warning to him.  Mr. Jewett also confirmed that he had informed petitioner of the possibility that penalties could be imposed against him.  Petitioner authorized Mr. Jewett to proceed with the same arguments in spite of the warning.

## Discussion

During the trial session held in Cleveland, Ohio, beginning June 2, 2003, four cases, including the instant case, were submitted fully stipulated.[1]  Mr. Jewett represented the taxpayers in each of the four cases.

Dunham v. Commissioner, T.C. Memo. 2003-260, and Brodman v. Commissioner, T.C. Memo. 2003-230, were the first two of the four cases to be decided.  We concluded in both cases that the taxpayers raised no bona fide issues, proposed no alternatives to

---

[1]  James Benson and Melanie A. Dunham, docket No. 7029-02L; Gregory R. Brown, docket No. 8368-02L; Harold V. and Imogene N. Pahl, docket No. 11572-02L; Charles and Teresa Brodman, docket No. 16598-02L.

collection, and presented frivolous arguments. We held in both cases that there was no abuse of discretion, and collection was allowed to proceed. We also imposed a penalty of $5,000 under section 6673(a)(1) upon the taxpayers in both cases.

Similarly, petitioner did not raise any bona fide issues or collection alternatives. Rather, petitioner presented a "hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish" similar to those previously rejected by this Court. Crain v. Commissioner, 737 F.2d 1417, 1418 (5th Cir. 1984); see Dunham v. Commissioner, supra; Brodman v. Commissioner, supra; Kish v. Commissioner, T.C. Memo. 1998-16; Fisher v. Commissioner, T.C. Memo. 1996-277. "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, supra at 1417. The Court rejects these boilerplate tax-protester types of arguments as frivolous and without merit. As a result, we hold that respondent did not abuse his discretion in determining that collection should proceed.

In the instant case, petitioner was specifically warned on three occasions of the likelihood of a penalty under section 6673(a)(1) if he continued with these arguments.[2] Despite the

---

[2] Sec. 6673(a)(1) provides:

(continued...)

warning given by letter dated February 7, 2002, at the section 6330 hearing on March 28, 2002, and by the Court, petitioner authorized Mr. Jewett to continue to assert frivolous arguments.

Petitioner should be treated the same as other taxpayers similarly situated. Petitioner is not entitled to a free ride. Dunham v. Commissioner, supra; Brodman v. Commissioner, supra. As a result, we hold that a penalty of $5,000 against petitioner is awarded to the United States in this case pursuant to section 6673(a)(1).

Mr. Jewett's arguments do not present justiciable issues and ignore established law. All of Mr. Jewett's arguments on behalf of petitioner had been rejected by the Court in numerous cases. See Dunham v. Commissioner, supra; Brodman v. Commissioner, supra (and the cases cited therein).

Mr. Jewett's approach is an abuse of the judicial system which can result in penalties being imposed upon him under

---

[2](...continued)
> (1) Procedures instituted primarily for delay, etc.--Whenever it appears to the Tax Court that--
>
> (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,
>
> (B) the taxpayer's position in such proceeding is frivolous or groundless, or
>
> (C) the taxpayer unreasonably failed to pursue available administrative remedies,
>
> the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

section 6673(a)(2).[3]  Because no justiciable issues were presented, the bringing of the case in and of itself is nothing more than a delaying tactic requiring the use of Government and Court resources that could otherwise be applied to hear legitimate taxpayer concerns.  While no penalty is being imposed in this line of cases, Mr. Jewett is reminded of the consequences if he repeats or persists in similar arguments in the future. See sec. 6673(a)(2); <u>Takaba v. Commissioner</u>, 119 T.C. 285, 296-305 (2002); <u>Edwards v. Commissioner</u>, T.C. Memo. 2003-149.

In reaching our holdings herein, we have considered all arguments made, and to the extent not mentioned above, we conclude them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered for respondent</u>.

---

[3]  Sec. 6673(a)(2) provides, in part, as follows:

(2) Counsel's liability for excessive costs.--Whenever it appears to the Tax Court that any attorney or other person admitted to practice before the Tax Court has multiplied the proceedings in any case unreasonably and vexatiously, the Tax Court may require--

(A) that such attorney or other person pay personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct * * *