T.C. Memo. 2003-264

UNITED STATES TAX COURT

JOHN J. GREEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13977-01L.          Filed September 10, 2003.

<u>Jerry Arthur Jewett</u>, for petitioner.

<u>Robert T. Little</u>, for respondent.

MEMORANDUM OPINION

HAINES, <u>Judge</u>:  This case is before the Court on
respondent's motion for summary judgment filed pursuant to Rule
121 .[1]

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.  Amounts are rounded to
the nearest dollar.

## Background

Petitioner resided in Steger, Illinois, at the time he filed the petition in this case.

On or about October 13, 1997, petitioner filed a Form 1040, U.S. Individual Income Tax Return, for 1996, reporting total income of zero and total tax of zero.

On September 7, 1999, respondent issued a notice of deficiency to petitioner for 1996 determining an income tax deficiency of $38,005, an addition to tax under section 6651(a)(1) of $9,501, and an accuracy-related penalty under section 6662 of $7,601. The deficiency was based on respondent's determination that petitioner failed to report nonemployee compensation of $115,234.

Petitioner did not file a petition with respect to the notice of deficiency. Instead, on September 13, 1999, petitioner sent a letter to the Internal Revenue Service which stated, in part:

> Nothing in the Privacy Act Notice or in the above statutes informs me that I have to "comply" with, or pay attention to, letters and/or alleged "determinations" sent to me by various and sundry employees of the IRS.

On April 10, 2000, respondent assessed petitioner's tax, addition to tax, penalty, and interest for a total unpaid

liability of $69,859, and mailed a notice of balance due to petitioner.[2]

On August 16, 2000, respondent issued a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. Petitioner filed Form 12153, Request for a Collection Due Process Hearing (request), on September 8, 2000. Attached to the request was a letter from petitioner repeating his frivolous arguments, including:

> I want to be given a copy of the Legislative, Treasury Department regulation which requires me to pay the $70,358.68 at issue and the legal authority that anybody at the IRS has to determine that figure and to threaten me with enforcement action if I don't pay that amount. In order to have that authority that IRS agent would have to have a delegation order from the secretary. I will expect to be given a copy of any such delegation order.

A hearing was held on June 19, 2001, which was recorded. Petitioner continued his frivolous arguments by stating:

> And, [the request] also raises the issues that I've just stated that number one the verification of the Secretary has not been given and there's not [sic] Record of Assessment because the Record of Assessment has to be made off of a return. The only records that you have from me on a return is zero. How can you come up with other numbers?
>
> \*    \*    \*    \*    \*    \*    \*
>
> I'm willing to write out a check and pay the entire amount if you can sit down right now and take the code book out and show me anyplace in the code book that makes me liable to pay this tax.
>
> \*    \*    \*    \*    \*    \*    \*

---

[2] Respondent had also assessed a $500 frivolous return penalty for 1997 which is not before the Court. See Van Es v. Commissioner, 115 T.C. 324, 328-329 (2000).

The point is that the only assessment that can be made is off of a return and the return that I gave you had zeros on it.

At the hearing, the settlement officer gave petitioner a literal transcript of assessments and notices. On October 5, 2001, a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, was mailed to petitioner.

On November 1, 2001, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 which stated:

A review of the case history indicates a valid assessment was made, notice and demand was provided and a neglect or refusal to pay occurred. In December of 1999 the taxpayer responded to a request for payment of the subject assessment with a letter questioning the governments' [sic] authority to assess and collect tax. The Federal Tax Lien was filed in accordance with established procedures.

The Federal Tax Lien is sustained. Proper administrative procedures were followed by Service personnel. This recommendation balances the need for efficient tax administration. Mr. Green has not proposed alternatives to the lien.

On November 30, 2001, petitioner filed a petition with the Court in which he contended: (1) There was "no valid assessment" of taxes; (2) he did not receive the "statutory Notice and Demand for payment" of the taxes at issue; (3) he did not receive a valid notice of deficiency; and (4) he had no underlying tax liability. In the petition, petitioner argued that he did not receive the following documents at the hearing: (1) Verification

"that the requirements of any applicable law or administrative procedure have been met", for example, a copy of the statutory notice and demand for payment; (2) a copy of Form 23C, Summary Record of Assessment, and the "pertinent parts of the assessment etc.etc.etc."; (3) delegation of authority from the Secretary to the person (other than the Secretary) who signed the verification required under section 6330(c)(1); and (4) proof that notices of deficiency were sent to petitioner.

On December 14, 2001, petitioner filed a motion to dismiss for lack of jurisdiction. A hearing on the motion was held on March 11, 2002, with Judge Arthur Nims presiding. On January 8, 2003, this Court filed Green v. Commissioner, T.C. Memo. 2003-7, holding that the Court had jurisdiction.

Respondent filed an answer to the petition on January 23, 2003. On May 7, 2003, respondent filed a motion for summary judgment for all legal issues in controversy. On May 22, 2003, Jerry Arthur Jewett (Mr. Jewett) executed Form 2848, Power of Attorney and Declaration of Representative, on behalf of petitioner.

On June 11, 2003, Mr. Jewett filed his entry of appearance and, on June 29, 2003, filed a reply to respondent's motion for summary judgment, which contained tax-protester boilerplate arguments, including:

> because petitioner assessed himself as owing "$0.00" in
> subtitle A taxes for 1996, pursuant to  §6211, and because

* * * the Secretary has no authority to assess a different figure than the "$0.00" which petitioner assessed himself as owing for 1996 subtitle A taxes, the Secretary had no authority to determine that there was a deficiency in respect of subtitle A taxes, pursuant to §6212. Therefore, the "notice of deficiency" was a legal nullity for that reason, as well as because there is no evidence in the record to establish that the person who sent the document on behalf of the Secretary was delegated to do so by a delegation order published in the Federal Register as required by 5 USC §553 and 44 USC §1505.

## Discussion

Respondent contends that there is no dispute as to any material fact with respect to this collection action and that respondent's determination to proceed with collection of petitioner's outstanding tax for 1996 should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine issue of material fact and a decision may be rendered as matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion, and a decision may be rendered as a matter of law.

When, as is the case here, the taxpayer received a notice of deficiency and did not petition the Court, the validity of the

underlying tax liability is not at issue, and the Court will review the notice of determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

The arguments raised by petitioner are identical to the arguments raised by the taxpayer in Nestor v. Commissioner, 118 T.C. 162, 164 (2002), in which we held the arguments to be frivolous, id. at 167. Nestor and the cases cited therein control our decision in the instant case, and we conclude petitioner's arguments are similarly frivolous and groundless. There is "no need to refute these arguments with somber reasoning and copious citation of precedent". Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

Based upon our examination of the entire record before us, we hold that respondent did not abuse his discretion in determining to proceed with the collection action with respect to 1996. On the record before us, we shall grant respondent's motion for summary judgment.

Respondent does not ask the Court to impose a penalty on petitioner under section 6673(a)(1). The Court may sua sponte determine whether to impose such a penalty. Frank v. Commissioner, T.C. Memo. 2003-88; Robinson v. Commissioner, T.C. Memo. 2003-77; Keene v. Commissioner, T.C. Memo. 2002-277; Schmith v. Commissioner, T.C. Memo. 2002-252; Schroeder v.

Commissioner, T.C. Memo. 2002-190; Williams v. Commissioner, T.C. Memo. 2002-111.

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court that the taxpayer's position in such a proceeding is frivolous or groundless. Sec. 6673(a)(1)(B). In Green v. Commissioner, supra, the Court directed petitioner to review cases in which taxpayers had asserted frivolous and groundless arguments. Moreover, the Court went on to specifically warn petitioner of the possible imposition of a penalty under section 6673(a)(1) should petitioner continue to advance frivolous arguments in the instant case. Id. After citing the cases that had imposed penalties against taxpayers advancing these types of arguments, including Roberts v. Commissioner, 118 T.C. 365, 372-373 (2002), affd. 329 F.3d 1224 (11th Cir. 2003), in which a $10,000 penalty was imposed, the Court stated: "Petitioner might therefore care to review those cases and consider whether it is in his best interest to persist in advancing such arguments." Green v. Commissioner, supra.

The taxpayer's arguments in Roberts were substantially similar to the frivolous arguments asserted by petitioner in the instant case. Despite the warning of this Court, petitioner has continued to assert these groundless arguments. Under the

circumstances, we shall, on our own motion, impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $5,000.

We shall not impose a penalty on Mr. Jewett because of his late entry into this case, but direct him to review the Court's comments in Brodman v. Commissioner, T.C. Memo. 2003-230, and its companion cases.[3]

We have considered all of petitioner's contentions, arguments, and requests that are not discussed herein, and we conclude that they are without merit or irrelevant.

To reflect the foregoing,

An appropriate order and decision will be entered.

---

[3] Dunham v. Commissioner, T.C. Memo. 2003-260; Brown v. Commissioner, T.C. Memo. 2003-261.