T.C. Memo. 2004-248

UNITED STATES TAX COURT

RICHARD REWERTS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2545-02L.                    Filed November 1, 2004.

Richard Rewerts, pro se.

Rebecca S. Duewer-Grenville, for respondent.

MEMORANDUM OPINION

HAINES, Judge:  This matter is before us on respondent's
motion for summary judgment pursuant to Rule 121.[1]  The issue for
decision is whether there was an abuse of discretion in

---

[1]  Unless otherwise indicated, all Rule references are to
the Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code of 1986, as amended.

respondent's determination that collection action could proceed for Federal income tax liabilities for 1998.

## Background

At the time his petition was filed, petitioner resided in Nice, California.

On March 18, 1999, petitioner and his wife, Laura E. Rewerts, filed a joint Federal income tax return for 1998 (1998 tax return), reporting a total income of zero. Petitioner and his wife attached to their 1998 tax return a 2-page letter that asserted basic tax-protester arguments. They also attached Forms W-2, Wage and Tax Statement, for 1998 that reported wages petitioner received from Stergion Construction and Lakeport Unified School District of $30,032 and $733, respectively, and wages petitioner's wife received from Lakeport Unified School District of $25,425.[2] Petitioner and his wife claimed the Federal income tax shown as withheld on the W-2s, totaling $2,928, as a refund on the 1998 tax return.

On September 3, 1999, respondent mailed petitioner and his wife a letter requesting them to respond within 30 days to proposed adjustments to their 1998 tax return (30-day letter). The 30-day letter proposed an additional $4,928 in taxes, additions to tax, penalties, and estimated interest being

---

[2] Amounts are rounded to the nearest dollar.

claimed by respondent.  Petitioner responded to the 30-day letter on September 24, 1999, by a letter in which he stated:

> I am requesting an office audit/meeting at which time you should have available:
>
> 1. The "text of any written determination and any background file documents relating to (the) determination" that my "zero" return was not correct as provided in 26 USC 6610.
>
> 2. Since Sections 6001 and 6011 (as referred to in the Privacy Act Notice that is contained in the 1040 booklet) only direct me to **comply with Treasury regulations**, I will expect you to have the Treasury regulation that imposes upon me a legal obligation to treat seriously the "changes" you have proposed in my 1998 return.
>
> 3. The statute and implementing regulation that allowed you to "change" my 1998 return, and
>
> 4. Your Delegation Order from the Secretary of Treasury authorizing you to act in his behalf.

On October 22, 1999, respondent mailed to petitioner and his wife a notice of deficiency for 1998, in which respondent determined that petitioner and his wife owed a deficiency of $6,724, a $759 accuracy-related penalty under section 6662(a), and a $191 addition to tax under section 6654(a) for failure to pay estimated tax.

Petitioner and his wife did not file a petition with the Court to redetermine the deficiency.  Instead, petitioner mailed a letter dated October 29, 1999, to the Director of the Internal Revenue Service Center in Fresno, California, stating that he would not file a petition with the Court until the director

established that respondent had the legal authority to send the notice of deficiency in the first place.

Respondent assessed the tax, addition to tax, penalty, and interest on March 20, 2000, and issued a notice and demand for balance due on the same date.

On July 7, 2000, respondent mailed to petitioner and his wife a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing (Final Notice). On August 7, 2000, respondent received from petitioner a Form 12153, Request for Collection Due Process Hearing, with a 2-page tax-protester statement attached. Petitioner's wife did not sign the Form 12153 and did not attend the subsequent section 6330 hearing.

A recorded section 6330 hearing was held on October 29, 2001, at the San Francisco Appeals Office. At the hearing, petitioner asserted that no section in the Internal Revenue Code required him to pay tax, that he had filed a zero return which required a zero assessment, that he had received no demand for payment of the tax, and that the notice of deficiency he had received was invalid because it was not issued by someone with delegated authority. Petitioner also demanded a Form 23C for a record of his assessments and a copy of the delegation order authorizing the issuance of the Final Notice. At the hearing, petitioner received Form 4340, Certificate of Assessments and Payments, but did not receive a copy of the delegation order.

Petitioner was given the opportunity during the hearing to present collection alternatives, but he refused.

In the January 8, 2002, Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 for 1998 (notice of determination) sent to petitioner, the Appeals officer determined that "all of the legal and procedural requirements for taking levy action have been met", and collection could proceed.

On January 31, 2002, petitioner and his wife filed a petition with the Court for judicial review of respondent's notice of determination. The petition contained only tax-protester arguments. On April 16, 2002, the Court granted respondent's motion to dismiss for lack of jurisdiction as to petitioner's wife because she failed to sign the Form 12153 and the notice of determination only pertained to petitioner.

Sometime before February 3, 2003, petitioner submitted an offer in compromise, which was rejected by respondent's Offer in Compromise Group.

On August 17, 2004, respondent filed a motion for summary judgment. By order dated August 18, 2004, petitioner was given until September 10, 2004, to file a response to the motion for summary judgment. To date, no response has been received by the Court from petitioner.

## Discussion

A decision on a motion for summary judgment may be rendered if the pleadings and other materials in the record show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We have considered the pleadings and other materials in the record and conclude that there is no genuine issue of any material fact and that a decision may be rendered as a matter of law.

Petitioner received a notice of deficiency but did not petition the Court for a redetermination of the deficiency. Petitioner claims that the person who sent the notice of deficiency did not have delegated authority. We have held in numerous cases that an argument such as petitioner's is without merit. See, e.g., Nestor v. Commissioner, 118 T.C. 162, 165 (2002); Israel v. Commissioner, T.C. Memo. 2003-338; Bethea v. Commissioner, T.C. Memo. 2003-278; Fink v. Commissioner, T.C. Memo. 2003-61; Koenig v. Commissioner, T.C. Memo. 2003-40. Where the underlying tax liability is not at issue, we review respondent's determination to proceed with collection for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000).

Petitioner has presented only tax-protester arguments to respondent and the Court. We have held in previous cases that

petitioner's arguments are without merit.  See, e.g., <u>Roberts v. Commissioner</u>, 118 T.C. 365, 371 (2002); <u>Nestor v. Commissioner</u>, <u>supra</u> at 167 (as to the argument that assessments are improper because the tax return reported zero taxable income); <u>Davis v. Commissioner</u>, 115 T.C. 35, 41 (2000) (as to the argument that a Form 23C is necessary and that a Form 4340 does not suffice to verify respondent's assessments); <u>Dashiell v. Commissioner</u>, T.C. Memo. 2004-210 (as to petitioner's claim that no Internal Revenue Code section makes him liable).  We reject these boilerplate tax-protester arguments as frivolous and without merit.

Petitioner was asked on several occasions in his section 6330 hearing whether he wished to propose any collection alternatives.  Petitioner refused the opportunity.  Rather, in the section 6330 hearing, petitioner continued to assert a "hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish" similar to those previously rejected by the Court.  <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1418 (5th Cir. 1984); <u>Dunham v. Commissioner</u>, T.C. Memo. 2003-260.  Although petitioner subsequently submitted an offer in compromise to respondent, it was rejected by respondent's Offer in Compromise Group. Petitioner has not presented any evidence or persuasive arguments to convince us that respondent abused his discretion. As a result, we hold the issuance of the notice of determination

was not an abuse of respondent's discretion, and respondent may proceed with collection.

Respondent, in his motion for summary judgment, has not asked the Court to impose a penalty under section 6673(a) against petitioner. The Court, however, may sua sponte impose a penalty. Pierson v. Commissioner, 115 T.C. 576, 580 (2000); Jensen v. Commissioner, T.C. Memo. 2004-120; Frey v. Commissioner, T.C. Memo. 2004-87.

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court the taxpayer's position in such a proceeding is frivolous or groundless. Sec. 6673(a)(1)(B). In the present case, there is no evidence that petitioner has previously been a litigant in the Court. Moreover, there is no evidence that a warning was given to petitioner of the possible imposition of a penalty if he continued making his arguments. Therefore, we decline to impose a penalty under section 6673(a), but admonish petitioner that if he persists in pursuing frivolous arguments before the Court in the future, we may not be so favorably inclined. See Sides v. Commissioner, T.C. Memo. 2004-141; Kaeckell v. Commissioner, T.C. Memo. 2002-114.

In reaching our holding herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude that they are irrelevant and without merit.

<u>An appropriate order and decision will be entered</u>.