Thomas A. **TWEEDDALE,**
Petitioner–Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

Nos. 87–4541, 87–4956
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 7, 1988.

G. Thomas Rhodus, Ronald A. Stein, Brice & Mankoff, Dallas, Tex., for petitioner-appellant.

Michael L. Paup, Chief Appellate Sec., Dept. of Justice, Tax Div., Gary R. Allen, William S. Rose, Jr., Asst. U.S. Attys., Jean Owens, Acting Chief Counsel, IRS, Washington, D.C., for respondent-appellee.

Gary R. Allen, William S. Rose, Jr., William S. Estabrook, Kenneth Rosenberg, Asst. Attys. Gen., William F. Nelson, Chief Counsel, IRS, Michael L. Paup, Chief, Dept. of Justice, Tax Div., Glenn A. Archer, Atty. Gen., Washington, D.C., for respondent-appellee.

Before CLARK, Chief Judge, WILLIAMS and DAVIS, Circuit Judges.

CLARK, Chief Judge:

Thomas A. Tweeddale appeals a United States Tax Court's determination of deficiency on grounds that the Tax Court violated his Fifth Amendment rights. Finding that the Tax Court entered judgment against Tweeddale because he didn't meet his burden of proof in an action he instituted and not because he exercised his privilege against self-incrimination, we affirm.

I.

Thomas A. Tweeddale claimed exemption from income taxes from 1978 through 1981 on grounds that he was a minister of the Basic Bible Church of America. As it hap-

pens, Tweeddale was also a pilot for Braniff Airways earning a salary ranging from $55,072.00 to $82,170.64 during those years. In January 1984, the Internal Revenue Service (IRS) sent Tweeddale a deficiency notice claiming that Tweeddale owed additional taxes of $124,000.00. In May 1984, Tweeddale filed a petition before the United States Tax Court seeking review of the Commissioner's determination of deficiency.

The court tried the case in April 1985. During the proceedings, Tweeddale was asked if he had earned a salary from Braniff Airlines during the years in question. Tweeddale declined to answer, invoking his Fifth Amendment privilege against self-incrimination. Tweeddale presented no other evidence challenging the Commissioner's finding of deficiency. The Tax Court advised Tweeddale that if he did not testify and did not present other evidence challenging the deficiency notice, it would enter judgment against him on burden of proof grounds. Tweeddale continued to refuse to testify. The Tax Court entered judgment against him. Tweeddale appeals. We affirm.

## II.

Tweeddale argues that the Tax Court cannot force a taxpayer to choose between self-incrimination and an IRS tax-deficiency notice. He states that a reasonable apprehension of criminal prosecution justified his claiming the privilege. His apprehension stemmed from the conviction of several other Braniff pilots who had claimed exemption from taxes as ministers of the Basic Bible Church. *See, United States v. Daly,* 756 F.2d 1076, 1078 (5th Cir.1985), *cert. denied,* 474 U.S. 1022, 106 S.Ct. 574, 88 L.Ed.2d 558 (1985). Tweeddale claims that the Commissioner left him no choice but to claim the privilege by not offering him immunity from criminal prosecution. Hence, Tweeddale asserts that holding him liable for the taxes and penalties in a hearing during which he couldn't testify would impinge upon his Fifth Amendment rights.

We reject Tweeddale's Fifth Amendment claims. The Tax Court held him liable because he failed to carry his burden of proving that the Commissioner's findings in the deficiency notice were incorrect, not because he exercised his privilege against self-incrimination. Deficiency findings by the Commissioner carry a rebuttable presumption of correctness. *Welch v. Helvering,* 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933); *Owensby & Kritikos, Inc. v. Commissioner,* 819 F.2d 1315, 1324 (5th Cir.1987). A taxpayer has the option of contesting the Commissioner's deficiency findings at a hearing before the Tax Court. 26 U.S.C. § 6213(a) (1980). At the hearing, the taxpayer bears the burden of proving that the Commissioner's deficiency findings are incorrect. *Southwestern Life Ins. Co. v. United States,* 560 F.2d 627, 635 (5th Cir.1977); Tax Ct.R.Prac. and Pro. 142 (1984). The taxpayer does not have to personally testify to carry his burden of proof. He can present any credible oral or written evidence disputing the Commissioner's findings.

Hence, Tweeddale was not deprived of his privilege against self-incrimination. He was not faced with the choice of testifying or accepting the entry of judgment against him. He had a third option of presenting evidence other than his own testimony. Tweeddale ignored this option, elected to provoke a hearing before the Tax Court and then did absolutely nothing to shoulder his burden of proof. An individual's assertion of his Fifth Amendment privilege is not a substitute for relevant evidence meeting the petitioner's burden of proof. *United States v. Rylander,* 460 U.S. 752, 103 S.Ct. 1548, 1553, 75 L.Ed.2d 521 (1983). The Fifth Amendment privilege cannot be used by a taxpayer to meet his burden of proof in a proceeding which he himself has instituted. *Steinbrecher v. Commissioner,* 712 F.2d 195, 198 (5th Cir. 1983). Judgment was entered against Tweeddale on these grounds, not because he exercised his Fifth Amendment rights.

Tweeddale cites *Lefkowitz v. Cunningham,* 431 U.S. 801, 97 S.Ct. 2132, 53 L.Ed.2d 1 (1977), for the proposition that the government "cannot penalize assertion

of the constitutional privilege against self-incrimination by imposing sanctions to compel testimony which has not been immunized." *Lefkowitz,* 431 U.S. at 806, 97 S.Ct. at 2136. The Commissioner did not impose sanctions on Tweeddale for refusing to testify. He was not cited for contempt or forced to produce records. The only penalty assessed against Tweeddale was $6,000.00 under 26 U.S.C. § 6653(a) (1967) for his "negligence or intentional disregard of rules and regulations." This penalty was assessed for gross disregard of the filing requirements as evidenced by the deficiency notice. It was not assessed for his failure to testify.

■ Finally, Tweeddale argues that the Tax Court's denial of his motion to vacate was a clear abuse of discretion. Tweeddale filed the motion three months after judgment was entered in his case. He maintains in his motion that he is entitled to deductions which would reduce his tax liability considerably below the amount calculated by the Commissioner. However, through the exercise of reasonable diligence, Tweeddale could have presented this evidence before the Tax Court rendered its decision. *Bankers Pocahontas Coal Co. v. Burnet,* 287 U.S. 308, 313, 53 S.Ct. 150, 77 L.Ed.2d 325 (1932); *Hughes v. Commissioner,* 104 F.2d 144, 148 (9th Cir. 1939). The Tax Court did not abuse its discretion by dismissing Tweeddale's motion.

For the foregoing reasons, the decision of the Tax Court is

AFFIRMED.