T.C. Memo. 2003-105

UNITED STATES TAX COURT

ROBERT RODRIGUEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13645-01.                Filed April 17, 2003

Robert Rodriguez, pro se.

<u>Jonae A. Harrison</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  Petitioner petitioned the Court to redetermine respondent's determinations of deficiencies in petitioner's 1994, 1995, and 1996 Federal income taxes and additions thereto.  These determinations are as follows:

|  |  | Additions to Tax | | |
| Years | Deficiencies | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 1994 | $1,449 | $333.50 | -- | -- |
| 1995 | 2,711 | 669.75 | -- | $146.01 |
| 1996 | 2,573 | 505.12 | $527.57 | 117.51 |

Section references are to the applicable versions of the Internal Revenue Code.  Rule references are to the Tax Court Rules of Practice and Procedure.

We decide:

1.  Whether petitioner had unreported income of $15,287, $24,471, and $23,701 determined by respondent for the respective years.  We hold he did.

2.  Whether petitioner is liable for the additions to tax determined by respondent under section 6651(a)(1).  We hold he is.

3.  Whether petitioner is liable for the addition to tax determined by respondent under section 6651(a)(2).  We hold he is.

4.  Whether petitioner is liable for the additions to tax determined by respondent under section 6654(a).  We hold he is.

5.  Whether we shall impose a penalty on petitioner under section 6673 for advancing frivolous and/or groundless claims. We shall impose a penalty of $10,000.

### FINDINGS OF FACT

Some facts have been stipulated.  The parties' stipulation of facts and the exhibits submitted therewith are incorporated

herein by this reference.  Petitioner resided in Phoenix, Arizona, when his petition was filed.

Petitioner has not filed a 1994, 1995, or 1996 Federal income tax return.  On February 14, 2001, respondent prepared substitutes for returns on the basis of information received from third parties.  The information reported that the third parties had paid to petitioner the following wages during the subject years:

| Payor | Year | Amount |
|---|---|---|
| Rescue Industries, Inc. | 1994 | $15,287 |
| | 1995 | 18,855.85 |
| | 1996 | 23,514 |
| La Quinta Inns, Inc. | 1995 | 115 |
| Courier Management Services, Inc. | 1995 | 5,501 |
| | 1996 | 187 |

Respondent determined petitioner's tax liability as to those payments by considering his filing status to be "Single".

Petitioner failed to cooperate with respondent in the audit of his tax liability for the subject years, and petitioner has failed to cooperate with respondent during this proceeding.  At trial, petitioner did not answer any substantive questions as to his tax liability.  Relying upon the Fifth Amendment, petitioner claimed that he was refusing to answer those questions because his answers might incriminate him.

OPINION

A.  Respondent's Deficiency Determinations

    1.  Burden of Proof

Respondent's deficiency determinations set forth in the notices of deficiency are presumed correct, and petitioner bears the burden of proving them wrong.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Section 7491 shifts to respondent the burden of proof as to these deficiencies when the taxpayer establishes that he or she met certain requirements.  We conclude from the record that petitioner has not met those requirements.

    2.  Validity of Determinations

Petitioner alleged in his petition that he did not receive the income reported to the Commissioner by the third parties and that the Commissioner erred by not allowing petitioner to deduct certain amounts provided for by law.[1]  We read the record to support a contrary conclusion.  Given the fact that petitioner has never filed Federal income tax returns for the subject years, and that he refused to cooperate with respondent in the audit of his Federal income tax liability for those years, we consider it proper for respondent to have determined petitioner's unreported

---

[1] Petitioner also alleged in his petition that his filing status for the subject years was "Married".  Given that the record contains no evidence to prove that petitioner was married during those years, we sustain respondent's determination that petitioner's filing status was "Single".  Rule 142(a).

income for the subject years from the information received from the third parties.  E.g., <u>Parker v. Commissioner</u>, 117 F.3d 785 (5th Cir. 1997); see also <u>Hardy v. Commissioner</u>, 181 F.3d 1002, 1005 (9th Cir. 1999), affg. T.C. Memo. 1997-97.  We sustain respondent's determination as to petitioner's unreported income given the additional fact that petitioner did not present at trial even a scintilla of evidence to prove error in that determination.[2]

B.  <u>Additions to Tax</u>

 1.  <u>Burden of Proof</u>

Section 7491(c) requires that respondent bear the burden of production as to the additions to tax.  In order to meet this burden, respondent must present evidence indicating that it is appropriate to impose an addition to tax.  See <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001).

 2.  <u>Validity of Determinations</u>

  a.  <u>Section 6651(a)(1)</u>

Section 6651(a)(1) imposes an addition to tax for failing to file timely a required Federal income tax return, unless it is shown that the failure was due to reasonable cause and not

---

[2] As for his claim to certain deductions, petitioner has neither identified nor proven that he is entitled to any such deductions.  See <u>Rockwell v. Commissioner</u>, 512 F.2d 882 (9th Cir. 1975), affg. T.C. Memo. 1972-133.

willful neglect.  Petitioner was required to file Federal income tax returns for each of the subject years.  Secs. 6012, 6072.[3]

Respondent met his burden of production in that respondent introduced (and the Court admitted) into evidence a Form 4340, Certificate of Assessments, Payments and Other Specified Matters, and the testimony of the revenue agent who audited petitioner, both to the effect that respondent's records do not indicate that respondent has ever received a Federal income tax return from petitioner for any of the subject years.  Petitioner, in turn, has failed to meet his burden of proof.  Petitioner has never asserted or presented any evidence indicating that he filed one or more of the subject returns, nor has he established that any of the returns was not filed timely for cause that is reasonable. We hold that petitioner is liable for the additions to tax under section 6651(a)(1).  United States v. Boyle, 469 U.S. 241, 245 (1985); Cluck v. Commissioner, 105 T.C. 324, 338-339 (1995).

b.  Section 6651(a)(2)

Section 6651(a)(2) generally imposes an addition to tax for a failure to pay timely the amount of tax shown on a Federal income tax return.  Although petitioner did not file his Federal income tax returns for 1994, 1995, and 1996, the Commissioner prepared substitutes for returns for those years.  A return

---

[3] The minimum amount exception under sec. 6012(a)(1)(A)(i) does not apply to petitioner for any subject taxable year, as petitioner's income exceeded the minimum amount.

prepared by the Commissioner under section 6020(b) is treated as a return filed by the taxpayer for returns due after July 30, 1996, for purposes of section 6651(a)(2). Sec. 6651(g); Smith v. Commissioner, T.C. Memo. 2000-290. We conclude that petitioner is liable for the addition to tax under section 6651(a)(2). See sec. 6654(a); Smith v. Commissioner, supra (citing United States v. Boyle, supra at 245); cf. Heisey v. Commissioner, T.C. Memo. 2002-41 (no liability in absence of substitute of return), affd. ___ Fed. Appx. ___ (9th Cir., Mar. 20, 2003).

c. Section 6654(a)

Section 6654 imposes an addition to tax on an underpayment of estimated tax. This addition to tax is mandatory unless the taxpayer establishes that one of the exceptions listed in section 6654(e) applies. Recklitis v. Commissioner, 91 T.C. 874, 913 (1988).

The Form 4340 and the testimony of the revenue agent establish that petitioner failed to pay the required amounts of estimated tax for 1995 and 1996. We conclude that respondent has met his burden of production as to this issue. Given that the record does not establish that any of the referenced exceptions apply, we conclude that petitioner has failed to meet his burden of proof and sustain respondent's determination as to this issue. Motley v. Commissioner, T.C. Memo. 2001-257.

C.  Penalty Under Section 6673(a)

Respondent moved the Court at the end of trial to impose a penalty under section 6673(a)(1).  Respondent asserts that petitioner's position in this case is frivolous and groundless.  Respondent also asserts that petitioner instituted these proceedings primarily for the purpose of delay.

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty of up to $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.  Here, petitioner did not offer any evidence at trial, nor did he otherwise make any legitimate attempt to prove respondent's determinations wrong.  Petitioner was warned by respondent before trial and was warned by the Court during trial that his position (or lack thereof) was without merit and could subject him to a penalty of up to $25,000 under section 6673(a).  Petitioner disregarded these warnings and has consumed wastefully the time, resources, and effort of the Court.  We conclude from the record that petitioner's positions in this proceeding are frivolous and without merit.  We also conclude from the record that petitioner has instituted and maintained this proceeding primarily for delay.  Pursuant to section 6673, we require petitioner to pay to the United States a penalty of $10,000.

We have considered all arguments and have found those arguments not discussed herein to be irrelevant and/or without merit.  To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.