T.C. Memo. 2004-202

UNITED STATES TAX COURT

THOMAS G. BRENNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8934-00.                  Filed September 2, 2004.

Thomas G. Brenner, pro se.

<u>Monica J. Miller</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

JACOBS, <u>Judge</u>:  Respondent determined deficiencies in
petitioner's Federal income tax, delinquency additions to tax

under section 6651(a)(1) and (2),[1] and estimated tax additions to tax under section 6654 for 1991-97 as follows:

|  |  | Additions to Tax | | |
|  |  | Sec. | Sec. | Sec. |
| Year | Deficiency | 6651(a)(1) | 6651(a)(2) | 6654 |
| 1991 | $28,490 | $7,123 | no | $1,628 |
| 1992 | 31,638 | 7,910 | no | 1,380 |
| 1993 | 38,905 | 9,726 | no | 1,630 |
| 1994 | 55,193 | 13,798 | no | 2,864 |
| 1994 | 53,544 | 13,386 | no | 2,903 |
| 1996 | 58,938 | 13,261 | yes[1] | 3,137 |
| 1997 | 63,330 | 14,249 | yes[1] | 3,388 |

[1]Sec. 6651(a)(2) provides for an addition to tax of 0.5 percent per month until payment, not to exceed 25 percent.

Respondent concedes that petitioner is not liable for the addition to tax under section 6651(a)(2) for 1996-97. The issues remaining to be decided are:

1. Whether the notice of deficiency is invalid because respondent did not prepare a substitute for return for each of the years at issue; and

2. if the notice of deficiency is valid, then

(a) whether respondent properly reconstructed petitioner's business income using the bank deposits method; and

(b) whether petitioner is liable for the additions to tax under sections 6651(a)(1) and 6654.

---

[1]Section references are to the Internal Revenue Code in effect for the years at issue, and Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

FINDINGS OF FACT[2]

Petitioner resided in Ormond Beach, Florida, at the time the petition in this case was filed.

During 1991-97, petitioner was in the insurance business. He received the following income from commissions, interest, dividends, and capital gain:

| Year | Commissions | Interest | Dividends | Capital Gain |
|------|-------------|----------|-----------|--------------|
| 1991 | $163,912 | $438 | -- | -- |
| 1992 | 157,399 | 220 | -- | -- |
| 1993 | 230,581 | 173 | $16 | -- |
| 1994 | 215,378 | 177 | 20 | -- |
| 1995 | 221,021 | 166 | 142 | -- |
| 1996 | 261,240 | 131 | 1,424 | $5,953 |
| 1997 | 342,891 | 118 | 2,157 | 9,551 |

Petitioner filed Federal income tax returns for all years before 1991. He did not file returns for 1991-2001. Petitioner did not make estimated tax payments for 1991-97, and no tax was withheld with respect to any income petitioner earned during those years.

In June 1998, the Internal Revenue Service began examining petitioner's records in order to determine petitioner's income tax liabilities for the years at issue. Petitioner refused to meet with the examination officer. In addition, he refused to

---

[2]Petitioner refused to execute a stipulation of facts. In his answering brief, petitioner did not object to any of respondent's requested findings of fact and did not offer any of his own. The record amply supports respondent's requested findings. Consequently, respondent's requested findings of fact are incorporated herein.

provide the examination officer with books, records, or any other information, and he attempted to prevent the examination officer from obtaining information from third parties.  During the examination, petitioner asserted his Fifth Amendment privilege against self-incrimination.

The examination officer reconstructed petitioner's insurance business income using the bank deposits method.  The examination officer allowed petitioner a deduction for estimated insurance business expenses equal to 54.77 percent of his commissions based on the Statistics of Labor Bulletin, Sole Proprietorship Returns, 1994, Table 2.--Nonfarm Sole Proprietorships: Income Statements, by Selected Groups: Insurance agents and brokers (statistics for insurance agents).

On the basis of the examination officer's reconstruction of petitioner's income, respondent determined deficiencies in petitioner's Federal income tax for 1991-97 and issued a notice of deficiency for those years dated May 24, 2000.

On August 21, 2000, petitioner timely filed a petition in this Court requesting that we "dismiss the NOD [notice of deficiency] for lack of jurisdiction" on the alleged ground it "lacks any ligament or tendon of fact, is clearly arbitrary and capricious and no real determination of deficiency has been made by any authorized IRS employee."  On September 29, 2000, petitioner filed an amended petition claiming that respondent's

determination that he had taxable income in the amounts stated in the notice of deficiency was in error.  In the amended petition, petitioner asserted that the notice of deficiency was invalid because "the Internal Revenue Service failed to execute an involuntary return as required by the IR Code."

On October 5, 2001, the Court sent the parties a notice setting the case for trial at the trial session of the Court in Jacksonville, Florida, beginning on March 11, 2002.  Accompanying that notice was the Court's Standing Pre-Trial Order, which states in pertinent part as follows:

### Policies

You are expected to begin discussions as soon as practicable for purposes of settlement and/or preparation of a stipulation of facts.  Valuation cases and reasonable compensation cases are generally susceptible of settlement, and the Court expects the parties to negotiate in good faith with this objective in mind.  All minor issues should be settled so that the Court can focus on the issue(s) needing a Court decision.

*    *    *    *    *    *    *

If difficulties are encountered in communicating with another party, or in complying with this Order, you should promptly advise the Court in writing, with copy to each other party, or in a conference call among the parties and the trial judge.

If any unexcused failure to comply with this Order adversely affects the timing or conduct of the trial, the Court may impose appropriate sanctions, including dismissal, to prevent prejudice to the other party or imposition on the Court. Such failure may also be considered in relation to disciplinary proceedings involving counsel.  See Rule 202(a).

## Requirements

To effectuate the foregoing policies and an orderly and efficient disposition of all cases on the trial calendar, it is hereby

ORDERED that all facts shall be stipulated to the maximum extent possible. All documentary and written evidence shall be marked and stipulated in accordance with Rule 91(b), unless the evidence is to be used to impeach the credibility of a witness. Objections may be preserved in the stipulation. If a complete stipulation of facts is not ready for submission at trial, and if the Court determines that this is the result of either party's failure to cooperate fully in the preparation thereof, the Court may order sanctions against the uncooperative party. Any documents or materials which a party expects to utilize in the event of trial (except for impeachment), but which are not stipulated, shall be identified in writing and exchanged by the parties at least 15 days before the first day of the trial session. The Court may refuse to receive in evidence any document or material not so stipulated or exchanged, unless otherwise agreed by the parties or allowed by the Court for good cause shown. * * *

Petitioner served on respondent a document entitled "Interrogatories, Requests for Admission and Production of Documents". On October 10, 2001, respondent filed a motion for protective order. On October 11, 2001, we issued an order granting respondent's motion, in which we stated:

The attachment to respondent's motion, which includes a copy of a document that petitioner served on respondent, entitled "Interrogatories, Requests for Admission and Production of Documents", contains contentions and/or statements by petitioner that the Court finds to be groundless and/or frivolous. The Court reminds petitioner that section 6673(a)(1) of the Internal Revenue Code states in pertinent part:

Whenever it appears to the Tax Court that --

    (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (or)

    (B) the taxpayer's position in such proceeding is frivolous or groundless, * * *

the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

In the event that petitioner continues to advance frivolous and/or groundless contentions and arguments, the Court will be inclined to impose a penalty not in excess of $25,000 on petitioner under section 6673(a)(1).

In an order dated February 4, 2002, the Court granted a similar motion by respondent for a protective order. In that order, petitioner was again cautioned that the Court would be inclined to impose a penalty under section 6673(a)(1) if he continued to advance frivolous and/or groundless arguments.

In December 2001, respondent served petitioner with interrogatories and requests for the production of documents and admissions. Petitioner's answers to respondent's requests for production of documents, interrogatories, and admissions indicated that he was asserting his Fifth Amendment privilege against self-incrimination. Respondent filed motions to compel production of documents, to compel responses to interrogatories, and to review sufficiency of petitioner's response to request for admissions. A hearing on respondent's motions was held on March 11, 2002, in Jacksonville, Florida. At the hearing, counsel for

respondent, after answering certain questions asked by the Court, orally moved to be allowed to withdraw respondent's motions and that the case be continued. The Court granted respondent's motion.

On October 10, 2002, the Court sent the parties a notice setting this case for trial at the trial session of the Court in Jacksonville, Florida, beginning on March 3, 2003. Accompanying that notice was the Court's Standing Pre-Trial Order.

On January 9, 2003, petitioner filed a motion for summary judgment in which he asserted that he was entitled to judgment as a matter of law because respondent failed to prepare substitutes for returns. In respondent's response to petitioner's motion for summary judgment, respondent, citing Schiff v. United States, 919 F.2d 830 (2d Cir. 1990), Roat v. Commissioner, 847 F.2d 1379, 1381 (9th Cir. 1988), and Hartman v. Commissioner, 65 T.C. 542 (1975), asserted that section 6211(a) does not require the Commissioner to prepare a substitute for return before determining a deficiency and issuing a notice. Petitioner's motion for summary judgment was denied.

The trial in this case was held in Jacksonville, Florida, on March 4, 2003. Petitioner took the stand but refused to testify as to any facts relevant to his Federal income tax liabilities. Petitioner stated that he feared that any statements he might make could be used by the Government in a subsequent criminal

trial.  Petitioner refused to answer the sole question asked on cross-examination, asserting his Fifth Amendment privilege against self-incrimination.

Respondent called several witnesses who established that, during the years at issue, petitioner received substantial commissions from various insurance companies.  Respondent introduced bank records to establish the total amounts that petitioner had deposited in his bank accounts.  Respondent called Revenue Agent Glenn Dugger, who was not involved in the original examination of petitioner's income, to testify how petitioner's income was reconstructed using the bank deposits method.[3] Revenue Agent Dugger had reviewed the original bank deposits analysis and concluded that, giving petitioner the benefit of the doubt, more of the deposits should have been treated as nonincome transfers between accounts.  He deducted those deposits from the total deposit amount.  Revenue Agent Dugger calculated petitioner's insurance business expenses at 54.77 percent of his commissions on the basis of the Department of Labor statistics for insurance agents.  Revenue Agent Dugger calculated petitioner's insurance commissions and expenses for the years at issue to be as follows:

---

[3]The examination officer who originally conducted the bank deposits analysis had retired on disability following a stroke and was unavailable to testify at the trial in this case.

| Year | Commissions | Expenses |
|------|-------------|----------|
| 1991 | $163,912 | $89,775 |
| 1992 | 157,399 | 86,208 |
| 1993 | 230,581 | 126,289 |
| 1994 | 215,378 | 117,962 |
| 1995 | 221,021 | 121,053 |
| 1996 | 261,240 | 143,081 |
| 1997 | 342,891 | 187,801 |

Petitioner did not challenge Revenue Agent Dugger's reconstruction of his income.

OPINION

A.   Validity of Notice of Deficiency

Petitioner's primary contention is that the notice of deficiency is invalid because respondent did not prepare a substitute for return for each of the years at issue.  We disagree.

If the Secretary determines a deficiency in income tax, he is authorized to send to the taxpayer a notice of deficiency by certified or registered mail before assessing the deficiency. Secs. 6212(a), 6201(a).  Under section 6211(a), the term "deficiency" is generally defined as the amount of tax imposed less the amount shown as the tax by the taxpayer upon his return. See Laing v. United States, 423 U.S. 161 (1976).

Where a taxpayer fails to file a return, section 6020(b) allows the Secretary (or the District Director or other authorized internal revenue officer or employee, sec. 301.6020-1(b)(1), Proced. & Admin. Regs.) to prepare a substitute

for return "from his own knowledge and from such information as he can obtain through testimony or otherwise." This section, however, is permissive, not mandatory. United States v. Stafford, 983 F.2d 25, 27 (5th Cir. 1993); Roat v. Commissioner, supra at 1381. Thus, although section 6020(b) allows the Commissioner to prepare a substitute for return for a nonfiling taxpayer, it is firmly established that section 6211(a) does not require the Commissioner to prepare a substitute for return before determining a deficiency and issuing a notice. Geiselman v. United States, 961 F.2d 1, 5 (1st Cir. 1992); Schiff v. United States, supra at 832; see also Roat v. Commissioner, supra at 1381-1382 (even when a substitute for return is prepared for a taxpayer, the Commissioner need not use that "return" in determining the taxpayer's deficiency under section 6211(a)).

As section 6211(a) makes plain, only "if a return was made by the taxpayer" does the tax shown on a return figure in the Commissioner's determination of a deficiency. When a taxpayer fails to file a return, as petitioner here, "it is as if he filed a return showing a zero amount for purposes of assessing a deficiency." Schiff v. United States, supra at 832. In such a case the deficiency is "the amount of tax due." Laing v. United States, supra.

Petitioner argues that section 301.6211-1(a), Proced. & Admin. Regs., is invalid because it is inconsistent with section

6211. We previously have held to the contrary; i.e., the regulation is not an unreasonable interpretation of section 6211. Spurlock v. Commissioner, 118 T.C. 155, 161 n.8 (2002). In so holding, we noted that the Supreme Court cited the regulation in Laing v. United States, supra at 174, stating: "Where there has been no tax return filed, the deficiency is the amount of tax due."

Petitioner, having failed to file Federal income tax returns for 1991-97, was sent a notice of deficiency by certified or registered mail signed by the District Director. The notice unquestionably meets the minimum requirements; respondent properly "determined" the deficiency within the meaning of section 6212(a). We hold that the notice of deficiency is valid.

We see no need to catalog petitioner's remaining arguments, covering topics ranging from communism to separation of church and state, and painstakingly address them. As the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

B. Deficiencies and Additions to Tax

1. Deficiencies: Reconstruction of Income

Taxpayers bear the responsibility to maintain books and

records that are sufficient to establish their income. Sec. 6001; DiLeo v. Commissioner, 96 T.C. 858, 867 (1991), affd. 959 F.2d 16 (2d Cir. 1992); sec. 1.446-1(a)(4), Income Tax Regs. When a taxpayer fails to keep adequate books and records, the Commissioner is authorized to determine the existence and amount of the taxpayer's income by any method that clearly reflects income. Sec. 446(b); Mallette Bros. Constr. Co. v. United States, 695 F.2d 145, 148 (5th Cir. 1983); Webb v. Commissioner, 394 F.2d 366, 371-372 (5th Cir. 1968), affg. T.C. Memo. 1966-81; see also Holland v. United States, 348 U.S. 121, 131-132 (1954).

Respondent employed the "bank deposits method" of reconstructing petitioner's income for the years at issue as a means of calculating his tax liability. A bank deposit is prima facie evidence of income, and the "use of the bank deposits method for computing unreported income has long been sanctioned by the courts." Clayton v. Commissioner, 102 T.C. 632, 645 (1994); see also DiLeo v. Commissioner, supra at 868; Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Estate of Mason v. Commissioner, 64 T.C. 651, 657 (1975), affd. 566 F.2d 2 (6th Cir. 1977). The bank deposits method of reconstruction assumes that all of the money deposited into a taxpayer's account is taxable income unless the taxpayer can show that the deposits are not taxable. DiLeo v. Commissioner, supra at 868; see also Price v. United States, 335 F.2d 671, 677 (5th Cir. 1964).

The Commissioner need not show a likely source of the income when using the bank deposits method, but the Commissioner must take into account any nontaxable items or deductible expenses of which the Commissioner has knowledge. Price v. United States, supra at 677; Tokarski v. Commissioner, supra at 77. If the taxpayer contends that the Commissioner's use of the bank deposits method is unfair or inaccurate, the burden is on the taxpayer to show the unfairness or inaccuracy.[4] Price v. United States, supra at 677; see also Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).

Given that petitioner failed to file Federal income tax returns for the subject years, and that he refused to cooperate with the examination officer in the audit of his Federal income tax liability for those years, we consider it proper for respondent to reconstruct petitioner's income for the subject years using the bank deposits method. Revenue Agent Dugger adequately explained how petitioner's income was computed. Petitioner had an opportunity to show error in respondent's computations, e.g., that some or all of the deposits represented

_____

[4]Sec. 7491, which is effective for court proceedings arising in connection with examinations commencing after July 22, 1998, shifts the burden of proof to the Commissioner in certain circumstances and places on the Commissioner the burden of production with respect to penalties and additions to tax. Sec. 7491 is inapplicable in this case because the examination of petitioner's 1991-97 tax years commenced in June 1998.

nontaxable income and/or he was entitled to additional deductions, but he failed to take advantage of that opportunity.

Petitioner did not present at trial even a scintilla of evidence to prove error in respondent's computations. Petitioner chose, instead, to assert the Fifth Amendment privilege against self-incrimination. Assuming this was a valid assertion of the privilege, it is not a substitute for evidence and is not "intended to be * * * a sword whereby a claimant asserting the privilege would be freed from adducing proof in support of a burden which would otherwise have been his." United States v. Rylander, 460 U.S. 752, 758 (1983); Tweeddale v. Commissioner, 841 F.2d 643, 645 (5th Cir. 1988), affg. T.C. Memo. 1987-197; Petzoldt v. Commissioner, 92 T.C. 661, 684 (1989). In a civil tax case, the taxpayer cannot avoid the burden of proof by asserting the Fifth Amendment privilege. United States v. Rylander, supra at 758; see Steinbrecher v. Commissioner, 712 F.2d 195, 198 (5th Cir. 1983), affg. T.C. Memo. 1983-12; Traficant v. Commissioner, 89 T.C. 501 (1987), affd. 884 F.2d 258 (6th Cir. 1989); Wheelis v. Commissioner, T.C. Memo. 2002-102, affd. 63 Fed. Appx. 375 (9th Cir. 2003).

In view of all the evidence, we hold that resort to the bank deposits method was necessary to determine petitioner's income for the taxable years involved and that respondent properly applied this method in determining that income. Therefore, we

sustain Revenue Agent Dugger's computation of petitioner's unreported income.

    2.   <u>Additions to Tax</u>

        a. <u>Section 6651(a)(1)</u>

Section 6651(a)(1) imposes an addition to tax for failing to file timely a required Federal income tax return, unless it is shown that the failure was due to reasonable cause and not willful neglect.  Petitioner was required to file Federal income tax returns for each of the subject years.  Secs. 6012, 6072.

Petitioner never asserted or presented any evidence indicating that he filed one or more of the required returns. Nor did he establish reasonable cause for his failure to do so. Consequently, we hold that petitioner is liable for the addition to tax under section 6651(a)(1).  See <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985); <u>Cluck v. Commissioner</u>, 105 T.C. 324, 338-339 (1995).

        b. <u>Section 6654(a)</u>

Section 6654 imposes an addition to tax on an underpayment of estimated tax.  This addition to tax is mandatory unless the taxpayer establishes that one of the exceptions listed in section 6654(e) applies. <u>Recklitis v. Commissioner</u>, 91 T.C. 874, 913 (1988).  Given that the record does not establish that any of the referenced exceptions applies, we conclude that petitioner has

failed to meet his burden of proof and sustain respondent's determination as to this issue.

For the foregoing reasons, we hold that petitioner is liable for deficiencies in Federal income taxes, as well as additions to tax under sections 6651(a)(1) and 6654, for 1991-97.

C.   Penalty Under Section 6673(a)

The Court may impose on a taxpayer a penalty of up to $25,000 if the taxpayer instituted or maintained proceedings primarily for delay, if the taxpayer's position is frivolous or groundless, or if the taxpayer unreasonably failed to pursue administrative remedies.  Sec. 6673.  A taxpayer's position is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); Booker v. Commissioner, T.C. Memo. 1996-261; see also Hansen v. Commissioner, 820 F.2d 1464, 1470 (9th Cir. 1987) (trial court's finding that taxpayer should have known that claim was frivolous allows for section 6673 penalty).  A taxpayer's failure to provide the Commissioner with information requested and his failure to offer evidence at trial pertaining to the substantive issues raised in the notice of deficiency are evidence that a suit in this Court was instituted primarily for delay.  Stamos v. Commissioner, 95 T.C. 624, 638 (1990), affd. without published opinion 956 F.2d 1168 (9th Cir. 1992).

A review of the record in this case convinces us that petitioner's position in this proceeding is both frivolous and groundless and that petitioner maintained and prolonged these proceedings primarily for delay.  In so ruling we take into account all aspects of petitioner's conduct in this case.

Petitioner's initial petition lacks any explanation of the basis of his disagreement with respondent and fails to comply with Rule 31(a), which states that the purpose of the pleadings is to give the parties and the Court fair notice of the matters in controversy and the basis for their respective positions. Petitioner's amended petition avers no particular facts with respect to respondent's determination but, for the most part, asserts that the notice of deficiency was invalid because respondent failed to execute substitutes for returns.  Petitioner appeared to be intelligent and knew, or should have known, that his arguments were contrary to well-established law and thus were frivolous.  Moreover, the Court repeatedly informed petitioner that his claims were frivolous and warned him of possible sanctions.

Rather than heed the warning of the Court, petitioner elected to continue to proceed with time-worn tax protester rhetoric.  He filed his motion for summary judgment claiming that respondent's failure to file substitutes for returns invalidated the notice of deficiency and, consequently, he was entitled to

judgment as a matter of law. In respondent's response to petitioner's motion for summary judgment, respondent cited <u>Schiff v. United States</u>, 919 F.2d 830 (2d Cir. 1990), <u>Roat v. Commissioner</u>, 847 F.2d at 1381, and <u>Hartman v. Commissioner</u>, 65 T.C. 542 (1975). We denied petitioner's motion for summary judgment. Thus, petitioner had knowledge of well-established authority that section 6211(a) does not require the Commissioner to prepare a substitute for return before determining a deficiency and issuing a notice. Petitioner, however, persisted in his frivolous and groundless arguments through trial and his answering brief, which consists mainly of hackneyed tax protester rhetoric and rambling legalistic gibberish.

Petitioner unreasonably prolonged the proceedings by serving on respondent and filing with the Court repetitious, groundless, and frivolous documents. Petitioner was not interested in disputing the merits of the deficiencies or the additions to tax. Sua sponte, the Court holds that petitioner must pay a penalty under section 6673(a)(1) for instituting these proceedings primarily for delay and for taking groundless positions. See <u>Pierson v. Commissioner</u>, 115 T.C. 576, 580 (2000); <u>Jensen v. Commissioner</u>, T.C. Memo. 2004-120; <u>Frey v. Commissioner</u>, T.C. Memo. 2004-87; <u>Frank v. Commissioner</u>, T.C. Memo. 2003-88; <u>Robinson v. Commissioner</u>, T.C. Memo. 2003-77.

Petitioner's Fifth Amendment privilege does not prevent us from imposing the penalty.  See, e.g., <u>Cabirac v. Commissioner</u>, 120 T.C. 163 (2003); <u>Rodriguez v. Commissioner</u>, T.C. Memo. 2003-105; <u>Edwards v. Commissioner</u>, T.C. Memo. 2002-169; <u>Wheelis v. Commissioner</u>, T.C. Memo. 2002-102.  We do not impose sanctions on petitioner for refusing to testify, but rather for instituting and maintaining these proceedings primarily for delay and persisting in advancing arguments that are frivolous.

The Court's time and resources have been wasted.  Petitioner was specifically warned by the Court of the likelihood of a penalty under section 6673 if he persisted in his frivolous arguments, and he has persisted.  Petitioner could have avoided the penalty we now award to the United States, and other people should avoid it, by even the most minimal concern for settled rules.  Serious sanctions are necessary to deter petitioner and others similarly situated; the penalty must be substantial for it to have a deterrent effect.  See <u>Takaba v. Commissioner</u>, 119 T.C. 285, 295 (2002) (citing <u>Coleman v. Commissioner</u>, <u>supra</u> at 71).  Consequently, a penalty under section 6673 will be awarded to the United States in the amount of $15,000.

The amounts of the deficiencies resulting from the corrected amounts of petitioner's business income as conceded by respondent

using Revenue Agent Dugger's computations will be calculated pursuant to a Rule 155 computation.

Accordingly,

<u>Decision will be entered under Rule 155</u>.