T.C. Memo. 2005-12

UNITED STATES TAX COURT

ROBERT RODRIGUEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10391-03.          Filed January 26, 2005.

Robert Rodriguez, pro se.

<u>Jonae A. Harrison</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Chief Judge</u>:  Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows:

|        |            | Additions to Tax |              |
|--------|------------|------------------|--------------|
| Year   | Deficiency | Sec. 6651(a)(1)  | Sec. 6654(a) |
| 1997   | $3,536     | $738.75          | $154.66      |
| 1998   | [1] 2,119  | [1] 526.75       | --           |
| 1999   | 2,794      | 674.00           | 129.95       |
| 2000   | 9,027      | 1,990.25         | 418.92       |

[1] Includes additional amounts not reflected in the original notice of deficiency. The Court has jurisdiction to redetermine such increased amounts of the deficiency and any addition to tax if the Secretary makes a claim at the hearing. Sec. 6214(a). Respondent moved at trial to amend his answer to reflect these increases, and petitioner did not object.

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

Petitioner petitioned the Court to redetermine the deficiencies and additions to tax.

We must decide whether:

1. Petitioner had unreported income of $30,372, $21,091, $25,661 and $51,612 determined by respondent for the tax years 1997, 1998, 1999, and 2000, respectively.

2. Petitioner is liable for the additions to tax determined by respondent under section 6651(a)(1).

3. Petitioner is liable for the additions to tax determined by respondent under section 6654(a).

4. A penalty shall be imposed on petitioner under section 6673 for advancing frivolous and/or groundless claims.

## FINDINGS OF FACT[1]

At the time the petition was filed, petitioner resided in Phoenix, Arizona.  Petitioner did not file tax returns for the taxable years 1997, 1998, 1999, and 2000.  For the years in question, petitioner received income in the following amounts:

| Year | Payor | Amount | Total |
|------|-------|--------|-------|
| 1997 | Rescue Industries, Inc. | $30,372 | $30,372 |
| 1998 | Rescue Industries, Inc. | 6,527 | |
| | Rescue Rooster, LLC | 10,903 | |
| | Laboratory Sciences of AZ, LLC | 3,661 | 21,091 |
| 1999 | Rescue Rooster, LLC | 5,341 | |
| | Laboratory Sciences of AZ, LLC | 1,627 | |
| | Devau Human Resources | 7,744 | |
| | Metro Lock Services, Inc. | 10,949 | 25,661 |
| 2000 | Devau Human Resources | 8,121 | |
| | Cox Communications, Inc. | 43,491 | 51,612 |

Respondent received information from third parties showing that petitioner derived income in the amounts determined above.  Withholding was taken from petitioner's wages in the amounts of $581, $12, $98, and $1,067 for the years 1997, 1998, 1999, and 2000, respectively.  Petitioner's filing status was "Single" for all years.

Petitioner did not cooperate with respondent at any time during the review process, failing to meet with or to provide

---

[1] The parties' stipulation of facts and exhibits submitted therewith are incorporated herein by this reference.

respondent with any information that would enable respondent to properly determine petitioner's tax liability.

OPINION

A.  Burden of Proof

Generally, respondent's deficiency determinations set forth in the notices of deficiency are presumed correct, and petitioner bears the burden of showing that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  There are exceptions to that Rule.  Section 7491 shifts the burden of proof to respondent if the taxpayer meets certain preliminary conditions.  Here, not only did petitioner fail to cooperate with respondent in any regard, but he did not produce one scintilla of evidence with respect to any matter in this case.  See sec. 7491(a).  Therefore, section 7491(a) does not apply in this case.

Another case in which the burden may shift to respondent concerns the determination that there is unreported income. Under the holdings of the U.S. Court of Appeals for the Ninth Circuit (to which an appeal would normally lie for petitioner) respondent is required to build an evidentiary foundation to support a determination of unreported income.  See Weimerskirch v. Commissioner, 596 F.2d 358 (9th Cir. 1979), revg. 67 T.C. 672 (1977).  Respondent issued subpoenas to six of petitioner's former employers.  At trial, to substantiate the determination that petitioner received the income alleged, respondent provided

Forms W-2, Wage and Tax Statement, payroll records, and declarations from employers as to the validity of these underlying documents. Therefore, respondent has made a sufficient showing to shift to petitioner the obligation to show that respondent's determination is in error.

However, with respect to the additions to tax, section 7491(c) requires that respondent bear the burden of production. To meet this burden, respondent must present evidence indicating that it is appropriate to impose an addition to tax. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

B. Respondent's Deficiency Determinations

This is not the first time that petitioner has appeared before this Court with substantially similar issues. Petitioner advanced many of the same arguments in this case as he had in a prior case involving his 1994 through 1996 tax years. See Rodriguez v. Commissioner, T.C. Memo. 2003-105. As before, petitioner alleged that he did not receive the income, that his filing status was married, and that respondent failed to consider vague and nebulous "deductions, allowances and expenses provided for by law" (that petitioner never specifically identifies). Petitioner objected to the admission of respondent's evidence based on "timeliness", hearsay, and lack of personal knowledge. Petitioner argues that he has no way of cross-examining the people who made the declarations, that the underlying documents

are secondary evidence, and that respondent has no personal knowledge as to the validity of the documents. The documents were received into evidence over the objection of petitioner.

We find that the evidence provided by respondent was reliable in that it met the hearsay and authentication exceptions in rules 803(6) and 902(11) of the Federal Rules of Evidence. All of the underlying documents were kept in the regular course of business, and the declarations of the validity of these documents were made by people familiar with their use. Petitioner did not introduce any evidence to refute the validity of the evidence. In addition, petitioner has again failed to provide any evidence that the income determined by respondent is in error or that he is entitled to file a return claiming marital status or any deductions. The failure of petitioner to present any evidence leaves the Court no basis for making any findings that support petitioner's assertions.

Petitioner also argued that he was prejudiced by the documents offered by respondent due to the lack of a fair opportunity to inspect the documents. Petitioner's claim is without merit. First, some of the documents had petitioner's signature on them, indicating he was familiar with the evidence presented. Second, the documents offered at trial were related to petitioner's wage income. We find it extremely

difficult to believe that petitioner was blind-sided by this evidence.

Finally, petitioner had an opportunity to obtain the evidence presented at trial. Respondent contacted petitioner to coordinate a conference for December 15, 2003, before trial. Petitioner stated he could not attend that meeting and instead informed respondent that he would be making discovery requests of respondent. However, petitioner failed to take steps to meet with respondent at any other time or to engage in any discovery whatsoever. Instead, on February 19, 2004, petitioner objected on the basis of self-incrimination and the Fifth Amendment to all of respondent's proposed stipulations of fact, except for the two relating to the notices of deficiency and petitioner's residence. Petitioner thus failed to cooperate with respondent and thwarted respondent's attempts to stipulate facts by asserting baseless constitutional arguments. The Court's patience for such arguments in this civil case wears thin where there is no indication that petitioner's cooperation with respondent's requests would lead to criminal prosecution. Petitioner cannot now claim that he is prejudiced or that he did not have an opportunity to challenge respondent's evidence. Accordingly, we again find that it was proper for respondent to have determined income for the subject years from the information received from third parties and that respondent's determination and the

increased amount of unreported income for all years in question is sustained. See <u>Hardy v. Commissioner</u>, 181 F.3d 1002, 1005 (9th Cir. 1999), affg. T.C. Memo. 1997-97.

C. <u>Additions to Tax</u>

Section 6651(a)(1) imposes an addition to tax for failing to timely file a required Federal income tax return, unless it is shown that the failure was due to reasonable cause and not willful neglect. Petitioner was required to file Federal income tax returns for each of the subject years because his income exceeded the maximum amount to be exempt from filing in each of the taxable years. Secs. 6012, 6072.

As was the situation in petitioner's prior case, respondent offered Forms 4340, Certificate of Assessments, Payments and Other Specified Matters, and the testimony of a revenue agent as proof that petitioner failed to file returns for the subject years. Once again, petitioner failed to introduce any evidence indicating that he filed the returns or that his failure to file was reasonable. Accordingly, we again hold that petitioner is liable for the additions to tax under section 6651(a)(1). <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985); <u>Cluck v. Commissioner</u>, 105 T.C. 324, 338-339 (1995).

Section 6654 imposes an addition to tax on an underpayment of estimated tax. Again, Forms 4340 and the testimony of the revenue agent establish that petitioner failed to pay the required estimated tax for 1997, 1999, and 2000. Furthermore, no

evidence has been presented that petitioner paid the estimated tax for the subject years or that any of the exceptions to the addition to tax under section 6654(e) are available. Accordingly, we sustain respondent's determinations.

D.  Penalty Under Section 6673(a)

Respondent moved the Court, before trial, to impose a $25,000 penalty under section 6673(a).  Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty of up to $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.

At the beginning of trial, the Court explained the motion to petitioner and then asked if petitioner objected to the motion. The following restates the Court's explanation and how petitioner replied:

> THE COURT:  Well, let me make sure you understand what this motion is trying to accomplish.  This motion is a motion for sanctions pursuant to Section 6673 * * * .

> That particular section of the Code permits this Court, if it should find that you're just bringing this action for purposes of delay, or if it should find that your arguments are frivolous, without merit, it can fine you up to $25,000 for such activity * * * you don't object to that?

> *          *          *          *          *

> [Mr. Rodriguez]:  No, I don't object.

Petitioner's only argument is that he believed that he did not have an opportunity to challenge any of the "hearsay or secondary information" that was presented at trial.

As was explained to petitioner at trial, he had the opportunity to call his own witnesses, offer any documents, and present his own testimony, but he chose not to do so. As discussed, he was not prejudiced by not receiving the documents presented by respondent until trial. Moreover, sanctions of $10,000 have previously been imposed against petitioner for the 1994, 1995, and 1996 tax years for advancing the same arguments as he has in this case. See Rodriquez v. Commissioner, T.C. Memo. 2003-105. The opinion admonishing petitioner for his previous conduct in 3 taxable years was filed on April 17, 2003. Id. Nonetheless, petitioner had the audacity to once again petition the Court to redetermine his tax liability for 4 subsequent taxable years less than 3 months later, on July 1, 2003, and to continue to submit the same baseless arguments in this case as had been presented in his earlier case.

In his prior case, as in this case, petitioner was warned before trial by respondent and during trial by the Court that his position would warrant a penalty of up to $25,000. Petitioner's arguments are the same frivolous and groundless arguments that we previously found were instituted primarily for delay. Petitioner continues in his failure to cooperate with respondent and to

advance the same frivolous arguments with the Court after repeated warnings. Accordingly, we hold that petitioner is liable for a $25,000 penalty under section 6673.

We have considered all arguments and have found those arguments not discussed herein to be irrelevant and/or without merit. To reflect the foregoing,

An appropriate order and

decision will be entered

for respondent.