Robert **RODRIGUEZ**, Petitioner–
Appellant,

v.

**COMMISSIONER OF INTERNAL
REVENUE**, Respondent–
Appellee.

No. 03–73308.

United States Court of Appeals,
Ninth Circuit.

Submitted March 23, 2005.*

Decided April 4, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert Rodriguez, Phoenix, AZ, pro se.

Charles S. Casazza, Clerk, U.S. Tax Court, Robert L. Baker, Esq., Eileen J. O'Connor, Esq., DOJ–U.S. Department of Justice Tax Division/Appellate Section, Washington, DC, for Respondent–Appellee.

Before: B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM **

Robert Rodriguez appeals pro se the tax court's decision upholding the Commissioner of Internal Revenue's ("Commissioner") determination of income tax deficiencies for the tax years 1994, 1995 and 1996. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review a tax court's findings of fact for clear error, *Hardy v. Commissioner*, 181 F.3d 1002, 1004 (9th Cir.1999), and we review evidentiary decisions for abuse of discretion, *Hughes v. Commis-*

*sioner*, 953 F.2d 531, 539 (9th Cir.1992). We affirm.

■ Rodriguez's contention that the Commissioner's determination of deficiency is not correct because the Commissioner failed to base the deficiency on substantive evidence is without merit. Because the Commissioner introduced evidence of unreported income, the burden shifted to Rodriguez to show by a preponderance of the evidence that the deficiency was arbitrary or erroneous. *See Hardy*, 181 F.3d at 1004 (internal citations omitted). Rodriguez failed to carry his burden because he did not submit any evidence to support his position. Accordingly, the tax court's decision upholding the Commissioner's notice of tax deficiency for the years 1994, 1995 and 1996 was correct. *See id.*

■ We reject Rodriguez's contention that the documents showing he received unreported income were inadmissible hearsay. The documents were properly authenticated and admitted into evidence pursuant to Fed.R.Evid. 803(6) and 902(11).

We also reject Rodriguez's contention that the tax court should have excluded the documents because the Commissioner did not comply with Tax Court Rule 70(a)(2) which provides that discovery should be completed 45 days before trial. *See Spurlock v. Commissioner*, 85 T.C.M. (CCH) 1236 (2003) (holding that Commissioner's notice given two and three days prior to trial was sufficient to comply with Fed.R.Evid. 902(11)).

■ Because Rodriguez makes no argument on appeal as to the tax court's assessment of additions under 26 U.S.C. §§ 6651(a)(1) and (2) and 6654, or the $10,000 penalty assessed under 26 U.S.C.

---

§ 6673, he waived his right to challenge these assessments. *See Acosta–Huerta v. Estelle,* 7 F.3d 139, 144 (9th Cir.1992) (issue raised but not supported by argument is considered waived).

Rodriguez's remaining contentions also lack merit.

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.