T.C. Memo. 2009-92

UNITED STATES TAX COURT

ROBERT RODRIGUEZ,[1] Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 17099-07, 20488-07.    Filed April 30, 2009.

Robert Rodriguez, pro se.

Heather D. Horton, for respondent.

MEMORANDUM OPINION

HALPERN, Judge:  By notices of deficiency respondent determined deficiencies in, and additions to, petitioner's Federal income tax for his taxable (calendar) years 2004 and 2005 as follows:

---

[1] The cases were consolidated by order of the Court dated Dec. 2, 2008.

|      |            | Additions to Tax |                       |           |
|------|------------|------------------|-----------------------|-----------|
| Year | Deficiency | Sec. 6651(a)(1)  | Sec. 6651(a)(2)[1]    | Sec. 6654 |
| 2004 | $24,573    | $1,210.05        | $645.36               | $94.19    |
| 2005 | 20,092     | 997.88           | 221.75                | 108.11    |

[1] Respondent concedes the sec. 6651(a)(2) additions to tax for both years.

Respondent has also moved for the imposition of penalties under section 6673.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue. At the time the petitions in these cases were filed, petitioner lived in Arizona.

## Background

Petitioner filed no Federal income tax return for either 2004 or 2005. Respondent based his determination of the 2004 and 2005 deficiencies principally on his receipt of information returns from Coxcom, Inc., Atlanta, Georgia, and Arizona Federal, Phoenix, Arizona (the information returns). The information returns report the following payments to petitioner:

| Year | Payor         | Nature of Payment | Amount    |
|------|---------------|-------------------|-----------|
| 2004 | Coxcom        | Wages             | $110,898  |
|      | Arizona Fed.  | Interest          | 17        |
| 2005 | Coxcom        | Wages             | 99,536    |
|      | Arizona Fed.  | Interest          | 38        |

## Discussion

### I. Deficiencies in Tax

Petitioner assigns error to the deficiencies in tax respondent determined and, in support of those assignments, avers that he "did not receive any taxable income from any taxable source during [either of the years in issue]".

The calculation of "taxable income" begins with the determination of "gross income". See secs. 61(a), 62, and 63(a) and (b). That both compensation for services and interest are items of gross income is beyond dispute. Sec. 61(a)(1), (4). Section 1.61-2(a)(1), Income Tax Regs., makes explicit that "Wages" are income to the recipient "unless excluded by law." Petitioner does not argue that his wages are excluded from gross income by any provision of law. Nevertheless, these cases involve unreported income, and, unless the parties stipulate to the contrary, the venue for appeal is the Court of Appeals for the Ninth Circuit. See sec. 7482(b)(1)(A), (2). Petitioner does argue that we are bound by a line of cases of the Court of Appeals for the Ninth Circuit beginning with Weimerskirch v. Commissioner, 596 F.2d 358 (9th Cir. 1979), revg. 67 T.C. 672 (1977), to which we defer in accordance with the doctrine of Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971). E.g., Nicholls v. Commissioner, T.C. Memo. 2006-218. The general rule established by that line of cases is

that, for the Commissioner to prevail in a case involving unreported income, there must be some evidentiary foundation linking the taxpayer with the alleged income-producing activity. See Weimerskirch v. Commissioner, supra at 362.[2] Transcripts of the information returns were received in evidence and show the payment to petitioner of both wages and interest. Petitioner does not challenge the accuracy of the information on the transcripts, only that he did not receive income from any taxable source. He claims: "I looked at section 861 and the definition in the Internal Revenue Code specifically states that sources of income are from foreign entities, corporations." Apparently, petitioner is relying on the discredited tax-protester argument that the regulations under section 861 establish that a citizen's income in the form of remuneration for services and bank interest

---

[2] Although Weimerskirch v. Commissioner, 596 F.2d 358 (9th Cir. 1979), revg. 67 T.C. 672 (1977), dealt specifically with illegal unreported income, it is now well established that the Court of Appeals for the Ninth Circuit applies the Weimerskirch rule in all cases of unreported income where the taxpayer challenges the Commissioner's determination on the merits. E.g., Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982) (in that case, involving unreported income from an income-generating auto repair business owned by the taxpayer, the court stated: "We note, however, that the Commissioner's assertion of deficiencies are presumptively correct once some substantive evidence is introduced demonstrating that the taxpayer received unreported income. Weimerskirch v. Commissioner, 596 F.2d 358, 360 (9th Cir. 1979)."); Petzoldt v. Commissioner, 92 T.C. 661, 689 (1989) ("the Ninth Circuit requires that respondent come forward with substantive evidence establishing a 'minimal evidentiary foundation' in all cases involving the receipt of unreported income to preserve the statutory notice's presumption of correctness").

received from sources within the United States is not taxable income. See <u>Takaba v. Commissioner</u>, 119 T.C. 285, 294-295 (2002). We have said: "The 861 argument is contrary to established law and, for that reason, frivolous." <u>Id.</u> at 295. Petitioner has no reasonable dispute with respondent's reliance on the information returns, see sec. 6201(d), and respondent has provided an evidentiary foundation linking petitioner with the wages and interest in issue to satisfy the rule established by the <u>Weimerskirch</u> line of cases.

Petitioner has failed to show any error in the deficiencies, and we sustain them in whole.

II. <u>Additions to Tax</u>

A. <u>Introduction</u>

Section 6651(a)(1) provides for an addition to tax in the event a taxpayer fails to file a timely return (determined with regard to any extension of time for filing) unless the taxpayer shows that such failure is due to reasonable cause and not due to willful neglect. The amount of the addition is equal to 5 percent of the amount required to be shown as tax on the delinquent return for each month or fraction thereof during which the return remains delinquent, up to a maximum addition of 25 percent for returns more than 4 months delinquent.

Section 6654(a) and (b) provides for an addition to tax in the event of an individual's underpayment of a required

installment of estimated tax.  As relevant to these cases, each required installment of estimated tax is equal to 25 percent of the "required annual payment", which in turn is equal to the lesser of (1) 90 percent of the tax shown on the individual's return for that year (or, if no return is filed, 90 percent of his or her tax for such year), or (2) if the individual filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return.  Sec. 6654(d)(1)(A) and (B).  The due dates of the required installments for a calendar taxable year are April 15, June 15, and September 15 of that year and January 15 of the following year.  Sec. 6654(c)(2).

B.  Burden of Production

In pertinent part, section 7491(c) provides: "the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any * * * addition to tax".  The Commissioner's burden of production under section 7491(c) is to produce evidence that imposing the relevant addition to tax is appropriate.  Swain v. Commissioner, 118 T.C. 358, 363 (2002).

C.  Discussion

1.  Section 6651(a)(1)

Respondent's evidence shows that petitioner did not file a Federal income tax return for either 2004 or 2005, and we so find.  Respondent's evidence also shows that, for each of those

years, petitioner had income sufficient to require him to file a return, i.e., income above the exemption amounts, and we so find.[3]  Petitioner claims:  "Nobody has told me that I am required to file" and "There is no law specifically stating in the Internal Revenue Code that says that I am required to file a Form 1040."  The history that we recite infra in our discussion of the penalty makes perfectly clear that, given petitioner's history with the Federal income tax, those are ridiculous arguments.  Petitioner has failed to show that his failures to file were due to reasonable cause and not due to willful neglect. Petitioner is liable for the section 6651(a)(1) additions to tax as computed by respondent.

2.  Section 6654

Respondent's evidence also shows that petitioner did not file a Federal income tax return for 2003, and we so find. Petitioner's required annual payments for both 2004 and 2005 were therefore 90 percent of his tax for the year.  Because petitioner failed to make the required installment payments of his Federal income tax for the 2 years in issue, section 6654 imposes on

_____

[3] Sec. 6012(a) requires every individual having gross income exceeding a certain minimum amount to file an income tax return. Petitioner's gross income exceeded the exemption amounts of $3,100 and $3,200 and the standard deductions of $4,850 and $5,000 for 2004 and 2005, respectively.  See sec. 151(d); Rev. Proc. 2003-85, sec. 3.16(1), 2003-2 C.B. 1184, 1188; Rev. Proc. 2004-71, sec. 3.17(1), 2004-2 C.B. 970, 974.

petitioner an addition to tax for each year.  Petitioner is liable for the section 6654 additions to tax as computed by respondent.

III.  Penalties

Under section 6673(a)(1), this Court may require a taxpayer to pay a penalty not in excess of $25,000 if (1) the taxpayer has instituted or maintained a proceeding primarily for delay, or (2) the taxpayer's position is "frivolous or groundless".  We can see no reason for these cases other than delay.  Moreover, petitioner's cases are groundless, and his arguments are frivolous.  A taxpayer's position is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law.  E.g., Nis Family Trust v. Commissioner, 115 T.C. 523, 544 (2000).  Petitioner has offered no plausible argument that he is exempt from Federal income tax; indeed, his arguments employ familiar tax-protester rhetoric that has been universally rejected by this and other courts.  See, e.g., Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984); Williams v. Commissioner, 114 T.C. 136 (2000). Petitioner has failed to report substantial amounts of income for 2 years and deserves a substantial penalty for initiating this proceeding.

Moreover, respondent has brought to our attention petitioner's history of incurring section 6673 penalties in this Court.  In Rodriquez v. Commissioner, T.C. Memo. 2003-105, affd.

127 Fed. Appx. 914 (9th Cir. 2005), we dealt with petitioner's 1994 through 1996 tax years, and in Rodriguez v. Commissioner, T.C. Memo. 2005-12, we dealt with petitioner's 1997 through 2000 tax years.  In both cases petitioner failed to file returns reporting income reported to the Commissioner by third parties, and in both cases he made arguments similar to those he makes here.  In the first case, we imposed on him a section 6673 penalty of $10,000, and, in the second, we imposed on him a like penalty of $25,000.  Subsequently, petitioner twice again petitioned the Court, in docket Nos. 7334-04 and 527-05, incurring in each case a section 6673 penalty.

Petitioner is disrupting the orderly processes of the Court and wasting both the Court's and the Government's limited resources with the meritless arguments he continues to make.  We shall, therefore, require petitioner to pay a penalty under section 6673(a)(1) of $25,000 in each of these consolidated cases.

Appropriate orders and decisions will be entered for respondent.